ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY ET AL. V. SAM
DAVIDSON.

Decided March 26, 1910.

**1.—Transportation of Cattle—Reasonable Time—Evidence.**

The issue being whether or not a shipment of cattle was transported in 1907 from the place of shipment to destination within a reasonable time, testimony that in 1902 and prior thereto such shipments between the same points were usually transported in less time than in the present case, was admissible over an objection that the time referred to was too remote and it was not shown that the conditions were the same; the objection went rather to the weight than to the admissibility of the testimony, and the burden was upon the carrier to show that the conditions were not the same.

**2.—Same—Delay—Testimony.**

Witnesses who are qualified from experience to speak on the subject may testify either directly or indirectly that a shipment of cattle did not have "a good run" and that they were delayed, famished and handled roughly en route.

**3.—Same—Pleading.**

In the absence of a special exception, general allegations of delays and of failure to feed and water cattle during transportation are sufficient to admit evidence of those facts.

Appeal from the District Court of Carson County. Tried below before Hon. A. A. Lumpkin, Special Judge.

*Terry, Cavin & Mills* and *Hoover & Taylor,* for appellants.

*Stephens & Miller,* for appellee.

CONNER, CHIEF JUSTICE.—During the year 1907 appellee shipped several trainloads of cattle from Portales, N. M., over the line of the appellant company and of its connecting carriers to Kansas City, Missouri, to St. Joseph, Missouri, and to Chicago, Illinois. He instituted this suit for damages on the 2d day of May, 1908, alleging that the Atchison, Topeka & Santa Fe Railway Company and the other companies named were partners and agents one for the other, and that in the transportation of the said several shipments the defendants were guilty of negligence in failing to properly and within reasonable time transport the cattle to their various destinations; that they were side-tracked unnecessarily and violently switched; that the cars were permitted to remain stationary, and that the cattle were unloaded and kept an unreasonable time at the feeding pens, and that, by reason of the delays en route and the various acts of negligence charged, the cattle were damaged in appearance, in loss of flesh and in a decline of market price, in a total sum of more than five thousand dollars, for which appellee prayed judgment.

There was no denial of the alleged partnership, and the only answer of appellants that need be noticed was the general denial. The trial resulted in a verdict and judgment against all of appellants in appellee's favor for two thousand, one hundred and forty-five dollars.

The assignments of error are quite numerous, but the case presents only the usual features of cases of the kind. The evidence shows that all of the cattle at the time of their tender for shipment were fat and in good condition for the several markets for which they were intended; that they were on the road from sixty-eight to seventy-eight hours, when they should have been transported, according to some of the testimony, in not to exceed forty hours; that they arrived at the termination of their journey in a very damaged condition, some of them pitiably starved, famished, bruised and otherwise injured. While some of appellee's employes accompanied the shipments, it was neither alleged nor proven that appellee assumed the duty of watering, feeding, or otherwise caring for his cattle, and he insists by an independent proposition in answer to all assignments that: "The case was made out by competent and conclusive proof, showing beyond question that the cattle were received in good condition for market as beef by appellants, and that they were delivered by appellants at destination in a damaged condition—that is, in a condition much worse than usual for cattle carried from Portales to Kansas City, St. Jo and Chicago, over the Santa Fe Route, and that appellants failed to rebut the case so made by proof that this damaged condition was not due to their negligence, and failed to show that the shipper had by contract relieved the carriers of the duty of taking care of the cattle en route." The proposition is unassailable unless the fact that appellee, through his employes, having accompanied the shipment, renders the presumption that would otherwise obtain, inapplicable. This, however, we need not determine, as we conclude that, regardless of this question, there is no merit in the appeal.

Objection was made to the testimony of the witness Curtis to the effect that shipments from Portales, N. M., to Kansas City and St. Jo in 1902, and prior thereto, were usually made in from thirty to thirty-six hours, the objection being that the time was too remote, and that it had not been shown that the conditions were the same. The time was not so remote, we think, as to authorize an entire exclusion of the testimony, the objection going rather to its weight than to its admissibility. It further appeared that the shipments of which the witness testified were made between the same points, the same general character of cattle were transported over the same roads, and if conditions subsequent to 1902 were imposed by the transportation companies which extended the usual time of such shipments, we think the burden was upon appellants to so show.

Objection was made to the testimony of one witness who testified, in effect, that the cattle, if they had "got a good run," would have been worth on the Kansas City and St. Jo, Missouri, markets, five cents per pound, and to another witness who testified to the greatly damaged condition in which the cattle arrived at their destination, on the ground that the testimony of such market price and of such damaged condition was an indirect way of proving that the cattle did not get "a good run" and that they were delayed, famished and handled roughly as alleged. That the evidence may have had the effect insisted upon constitutes no objection to its admissibility. The witnesses by long experience were shown to be thoroughly qualified to

speak on the subject of which they testified, and there can be no doubt of the competency or relevancy of the testimony.

The objections to the qualification of the witnesses Franklin and Greer, discussed under the third and seventh assignments of error, at most but go to the weight of their testimony, and the objection to the testimony of delay at Woodward, Kansas, and of a demand and refusal to water the cattle at Emporia, Kansas, on the ground that such delay and demand had not been pleaded, is without merit. Delays and failure to feed and water were generally alleged in appellee's petition, and no special exception to more particularly specify the points of delay, or at which there was refusal to feed and water, has been called to our attention, so that if, in any event, it was necessary to plead this testimony, the allegations of the petition sufficiently comprehended it to authorize its admission.

The assignments also present objections to the court's charge and to the action of the court in refusing numerous special instructions. Nothing new is presented, however, and we deem it sufficient to say that the court's charge presents no material error, and that the special charges requested were properly rejected. Some of them were clearly upon the weight of the testimony, and such as might have properly been given were sufficiently included in the court's charge and in such special instructions as the court gave at appellants' request.

We think the testimony fully supports the material allegations of appellee's petition, and that no material error has been committed. The judgment will therefore be affirmed.

*Affirmed.*

Writ of error refused.