**KANSAS CITY, M. & O. RY. CO. OF TEXAS v. BECKHAM.**

(Court of Civil Appeals of Texas. Ft. Worth. Nov. 30, 1912.)

1. EVIDENCE (§ 472*)—OPINION EVIDENCE—MATTERS DIRECTLY IN ISSUE.

In an action for injuries to a shipment of live stock, a question to a witness as to what would be a reasonable time to transport the car of stock was an invasion of the province of the jury.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2186–2195; Dec. Dig. § 472.*]

2. EVIDENCE (§ 508*)—OPINION EVIDENCE—ADMISSIBILITY.

In an action for injuries to a shipment of live stock, testimony of one who was familiar with the horse and mule business for 20 years, and who was thoroughly acquainted with the condition of stock after having been shipped, whether it is usual that in the transportation of a car load of young mules several hundred miles over different railroads that some of them will be skinned somewhat by knocking or bumping against the sides of the car as a natural result of the trip and of the vitality of the mules was admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2311; Dec. Dig. § 508.*]

3. EVIDENCE (§ 508*) — OPINION EVIDENCE — ADMISSIBILITY.

In an action for injuries to a shipment of mules, testimony of a witness qualified as an expert as to whether, if the mules had been placed in a proper pasture after their arrival at destination, they would have entirely recovered within a few weeks from injurious effects of the trip was admissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2311; Dec. Dig. § 508.*]

4. APPEAL AND ERROR (§ 216*) — QUESTIONS IN TRIAL COURT—INSTRUCTIONS—REQUESTS —NECESSITY.

The failure to set forth in the charge the various issues involved cannot avail plaintiff in error in the absence of a request for such submission.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216.*]

5. CARRIERS (§ 215*) — TRANSPORTATION OF LIVE STOCK—LIABILITIES FOR INJURIES.

It is no defense to an action for injuries to a shipment of live stock that they were transported on the first scheduled train after their arrival if the carrier in so doing was guilty of negligence.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 923; Dec. Dig. § 215.*]

6. CARRIERS (§ 215*) — TRANSPORTATION OF LIVE STOCK—LIABILITIES FOR INJURIES.

That a shipper of live stock was ignorant of the carrier's schedules governing the movement of stock trains does not affect the carrier's liability for injuries to the stock.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 923; Dec. Dig. § 215.*]

7. CARRIERS (§ 211*)—TRANSPORTATION OF LIVE STOCK—LIABILITIES FOR INJURIES.

Under Rev. Civ. St. 1911, art. 714, making it the duty of a common carrier of stock to feed and water it during conveyance and until it is delivered to the assignee unless otherwise provided by special contract, it is not sufficient that the carrier exercised reasonable care to provide reasonably sufficient facilities for watering the stock.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 928; Dec. Dig. § 211.*]

8. TRIAL (§ 263*)—INSTRUCTIONS—REQUESTS.

In an action for injuries to live stock in shipment, where the defendant requested a number of special charges on the question whether it exercised ordinary care in transporting the cattle on its first scheduled train after their arrival, and one of such instructions was given, defendant cannot complain that the others were not given, since by the submission of several it in effect invited the court to elect which charge it would give on that issue.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 662, 663; Dec. Dig. § 263.*]

9. APPEAL AND ERROR (§ 1032*)—REVIEW—PREJUDICIAL EFFECT OF ERROR.

The refusal to give a special charge concerning a written contract of shipment pleaded by a carrier is not ground for reversal where it is not shown that the liability of a carrier was different with than without the written contract.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4047–4051; Dec. Dig. § 1032.*]

10. CARRIERS (§ 230*) — CARRIAGE OF LIVE STOCK — ACTIONS FOR INJURIES — INSTRUCTIONS.

An instruction that, where live stock have been transported by successive carriers and are shown on arrival at destination to have been injured en route, there is a presumption of law that the injuries occurred on the line of the last carrier is properly refused where there is evidence that the injuries were caused by the negligence of an intermediate carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 961, 962; Dec. Dig. § 230.*]

11. APPEAL AND ERROR (§ 1170*)—REVIEW—REVERSAL—PREJUDICIAL EFFECT OF ERROR.

In an action for injuries to a shipment of live stock, the erroneous admission of opinion evidence as to a reasonable time to transport the car of stock, and exclusion of evidence as to the ordinary effect of transportation and the extent of the injuries to the stock in question requires a reversal notwithstanding undisputed evidence of delay in the shipment, and notwithstanding Supreme Court rule 62a (149 S. W. x) providing that no judgment shall be reversed for error of law unless the appellate court shall be of opinion that the error amounted to such a denial of the rights of appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4540–4545; Dec. Dig. § 1170.*]

Appeal from Nolan County Court; Jno. J. Ford, Judge.

Action by C. T. Beckham against the Kansas City, Mexico & Orient Railway Company of Texas. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

H. S. Garrett, of San Angelo, for plaintiff in error. Beall & Beall, of Sweetwater, for defendant in error.

SPEER, J. The Kansas City, Mexico & Orient Railway Company of Texas prosecutes this writ of error from a judgment of the county court of Nolan county against it in favor of C. T. Beckham for the sum of $115 for damages growing out of a shipment of live stock from Trent to Amarillo. The facts show that the shipment moved from Trent to Sweetwater by way of the Texas & Pacific Railway Company, from Sweetwater to Chillicothe over the line of the plaintiff in error, and from Chillicothe to destination over the Ft. Worth & Denver City Railway. The judgment of the county court must be reversed for errors in rulings on evidence.

[1] The court permitted the witness Hearndon to answer the following question:

"From your experience and in the shipment of cattle and stock over the several roads in this country and over this Orient road, do you know what would be about a reasonable time to transport a car of stock, say about 150 miles over the Orient road?" It was objected to this that the answer would invade the province of the jury and call for an opinion of the witness on a mixed question of law and fact. This objection should have been sustained. We recently had occasion to review a very similar ruling in the case of K. C., M. & O. Ry. Co. v. Bigham, 138 S. W. 432, in which we followed the rule announced by our Supreme Court in H. & T. C. Ry. Co. v. Roberts, 101 Tex. 418, 108 S. W. 808. It is now generally understood to be improper to allow a witness to state what would or would not be a reasonable time when the very purpose of the inquiry is to determine the reasonableness of the given time. Whether in any case the time consumed in making a shipment of cattle is reasonable or not depends upon a variety of circumstances, among which is whether or not the carrier exercised ordinary care. This under all the decisions is a matter to be decided by the jury and is not the subject of expert testimony. A number of similar rulings were made, but it is unnecessary to notice separately each of them.

[2] Plaintiff in error offered to prove by the witness McKnight that it was "usual, customary, and ordinary that, in the transportation of a car load of young mules several hundred miles over different railroads, some of them will be skinned somewhat by knocking or bumping against the sides of the car as a natural incident to the trip and as a natural result of the vitality of the mules." The court sustained the objection that such testimony called for an opinion. This may be true, but the record abundantly shows that the witness was competent to express an opinion. He says: "I have been familiar with the horse and mule business and in that business for the past 20 years in buying and selling this kind of stock. My experience has been sufficient to make me thoroughly acquainted with the condition of stock after having been shipped, as I have been shipping and feeding and observing stock for the last several years." The excluded evidence should have been admitted upon the issue developed by the pleadings that the injuries received were only those ordinarily incidental to a shipment of such stock. F. W. & D. C. Ry. Co. v. Greathouse, 82 Tex. 104, 17 S. W. 834.

[3] The following ruling was also erroneous. The witness McKnight was asked by counsel for plaintiff in error to state whether or not in his opinion, if these mules had been placed in a proper pasture suitable for them after their arrival at Amarillo, would they have entirely recovered within a

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

few weeks from all apparently injurious effects of the trip? To this counsel for defendant in error objected because the question was hypothetical and called for an opinion not based on facts in the case. As before stated, this witness was qualified to testify as an expert and testified that he saw the mules in question when unloaded at Amarillo. Now one of the material inquiries on the trial undoubtedly was the extent of the injuries received by the mules. Defendant in error's contention was that, by reason of plaintiff in error's negligence, the mules were beaten and bruised, made lame and sick, and otherwise seriously injured to the extent of $15 per head, while the plaintiff in error insisted that they received only such injuries as were ordinarily incident to the journey. Under these circumstances it was proper for a witness possessed of the requisite knowledge to testify as to the length of time it would take the animals to recover, if at all, under proper treatment. Missouri, K. & T. Ry. Co. v. Word, 51 Tex. Civ. App. 206, 111 S. W. 753; M., K. & T. Ry. Co. v. Rich, 51 Tex. Civ. App. 312, 112 S. W. 115. In the nature of things the extent of such injuries is largely a matter of opinion at best, and we can hardly conceive of more satisfactory opinion evidence than that of the character excluded. The purpose of such testimony as pointed out in the authorities cited is not to vary the rule for measuring damage at all, but rather to determine the real extent of the injuries at the time the animals reached their destination. A number of similar rulings were made, but will not be separately discussed. The witnesses should have been permitted to testify that the injuries received did not materially affect the growth of the mules or their selling price on the market, and that with proper care they would quickly have recuperated.

[4] The failure of the court to set forth in his charge the various issues involved could hardly avail plaintiff in error anything in the absence of a request for the submission of such issues, and the rulings on exceptions complained of in the first and second assignments could not have been harmful in view of the manner in which the issues were submitted.

[5] The vital question was whether or not plaintiff in error exercised ordinary care in receiving and transporting defendant in error's stock upon their arrival at Sweetwater, and the charge properly submitted this question. It is no defense that plaintiff in error transported the stock on its first schedule train after their arrival in Sweetwater, if in doing so it was guilty of negligence.

[6] On the other hand, it was immaterial that defendant in error was ignorant of plaintiff in error's schedules governing the movement of stock trains.

[7] The twentieth assignment is overruled wherein the proposition is asserted that the

railway company, not being required to provide watering facilities in the pens, but only being required to exercise reasonable care to provide reasonably efficient facilities for watering plaintiff's mules, the charge precluded the jury from fully determining this issue. This rule of care undoubtedly governs carriers of live stock in many respects, but, as regards the duty to feed and water, the statute has prescribed a different one. Article 714, Revised Statutes 1911, makes it the duty of a common carrier who conveys live stock of any kind to feed and water the same during the time of conveyance and until the same is delivered to the consignee, unless otherwise provided by special contract. I. & G. N. Ry. Co. v. McRae, 82 Tex. 614, 18 S. W. 672, 27 Am. St. Rep. 926.

[8] Plaintiff in error requested a number of special charges upon a phase of the case already discussed; that is, whether or not it exercised ordinary care in transporting the cattle on its first schedule train to leave Sweetwater after their arrival, one of which was given. It cannot then complain that the others were not given. It would be improper to give all, and, by submitting all to the court, it in effect invited the court to elect which charge it would give on that particular issue, and, having thus elected, plaintiff in error will not be heard to complain.

[9] There is nothing contained in the statement under the twenty-third assignment of error which would indicate that plaintiff in error's rights were materially affected by the court's refusal to give special charge No. 4 concerning the written contract of shipment pleaded by it. In short, there is nothing in the brief to show that the liability of the company was not precisely the same both with and without the written contract. The court's charge on the burden of proof was in the usual form and was sufficient. The requested charges upon this issue would have been improper.

[10] Special charge No. 3 to the effect that, where live stock have been transported by several successive carriers and are shown on arrival at destination to have been injured en route, there is a presumption in law that such injuries occurred on the line of the last carrier handling the stock, if the law in any case, is not applicable in the present instance. There may be under such circumstances a presumption of fact to that effect where there is no evidence as to where the injuries occurred, but in the present case there is much evidence tending to show that plaintiff in error's negligence produced the injuries. The charge, therefore, was inapplicable and would have been erroneous if given.

[11] We have considered defendant in error's suggestion that the undisputed evidence shows that plaintiff in error was guilty of much delay in handling this shipment, and

that the cause should therefore be affirmed, irrespective of the errors of the court herein discussed and rule 62a (149 S. W. x), recently promulgated by the Supreme Court, is invoked for such affirmance. But, if the rule is to govern, yet we are inclined to think that the rulings did materially affect plaintiff in error's rights and that they not only were calculated to, but probably did, cause the rendition of an improper judgment in this case.

For the errors discussed, the judgment is reversed, and the cause remanded.