CHICAGO, R. I. & G. RY. CO. v. LINGER.

(Court of Civil Appeals of Texas. Amarillo. April 12, 1913.)

1. CARRIERS (§ 218*) — CARRIAGE OF LIVE STOCK—FEEDING AND WATERING.

A provision of a contract for the shipment of cattle that the shipper assumed all risks and expenses in connection with feeding and watering the cattle was void under the Carmack Amendment (Act June 29, 1906, c. 3591, § 7, 34 Stat. 595 [U. S. Comp. St. Supp. 1911, p. 1307]) to the Interstate Commerce Act (Act Feb. 4, 1887, c. 104, § 20, 24 Stat. 386 [U. S. Comp. St. 1901, p. 3169]).

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 674–696, 927, 928, 933–949; Dec. Dig. § 218.*]

2. CARRIERS (§ 218*) — CARRIAGE OF LIVE STOCK—FEEDING AND WATERING.

A provision of a contract for the shipment of cattle that the shipper assumed the risk and expense in connection with unloading, feeding, and watering the cattle was waived, where the carrier's yardman undertook to perform the duty imposed thereby on the shipper.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 674–696, 927, 928, 933–949; Dec. Dig. § 218.*]

3. APPEAL AND ERROR (§ 216*)—INSTRUCTIONS—NECESSITY OF REQUESTS.

A charge on the measure of damages which was too broad could not be complained of on appeal, where a correct charge was not requested.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 216;* Trial, Cent. Dig. § 640.]

4. CARRIERS (§ 180*) — LIMITATION OF LIABILITY—NOTICE.

Under the Carmack Amendment (Act June 29, 1906, c. 3591, § 7, 34 Stat. 595 [U. S. Comp. St. Supp. 1911, p. 1307]) to the Interstate Commerce Act (Act Feb. 4, 1887, c. 104, § 20, 24 Stat. 386 [U. S. Comp. St. 1901, p. 3169]), making carriers liable for the negligence of connecting carriers, a stipulation in a contract of shipment requiring notice in writing of any damages to the shipment, to be given to the initial carrier within 90 days, was sufficiently complied with by giving notice to a connecting carrier.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 815–828; Dec. Dig. § 180.*]

5. CARRIERS (§ 159*) — LIMITATION OF LIABILITY—NOTICE—WAIVER.

Where a carrier, prior to the institution of a suit for damages, did not refuse payment because notice was not given within 90 days, as required by the contract of shipment, and made no objection to the form or contents of a notice given to a connecting carrier, it waived that provision of the contract.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 668–671, 699–703½, 711–714, 718, 718½; Dec. Dig. § 159.*]

Appeal from Oldham County Court; T. B. Jones, Judge.

Action by A. F. Linger against the Chicago, Rock Island & Gulf Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Gustavus & Jackson, of Amarillo, N. H. Lassiter and Robt. Harrison, both of Ft. Worth, for appellant. Veale & Davidson, of Amarillo, for appellee.

HALL, J. The following statement of the case is adopted from appellant's brief: "A. F. Linger brought suit against the Chicago, Rock Island & Gulf Railway Company in the justice court, precinct No. 2, Oldham county, Tex., on April 8, 1911, to recover damages on account of a cattle shipment from Vega, Tex., to Kansas City, Mo., October 1, 1910, in the sum of $200. This is a companion suit to No. 367, This Company v. Scott [156 S. W. 294], pending in this court. The shipment being carried in the same train and surrounded by the same conditions as Scott's shipment. For the sake of brevity, we will not set out the facts elaborately in this suit because they are practically identical with the facts set out in the brief already before the court in the Scott Case. In the present case the plaintiff recovered a judgment for the amount sued for, $200 and interest and on appeal to the county court recovered a judgment for the same amount, and the case was duly appealed to this court. As above stated, there is no substantial difference between the facts of the present case and those of the Scott Case, except that the plaintiff here had more cattle than Scott had."

[1, 2] Appellant's fifth assignment of error complains of the admission of the testimony of A. F. Linger set out in bill of exception No. 5, to the effect that he instructed the yardman at Caldwell with reference to feeding and watering his cattle. The objection urged is that the testimony was irrelevant and immaterial, since under the contract the plaintiff was bound to look after the unloading, feeding, and watering of the cattle himself. As said by us in the companion case, the Chicago, Rock Island & Gulf Ry. Co. v. Scott, this stipulation in the contract is void under the Carmack Amendment, and we think, further, that it has been waived by appellant's yardman undertaking to perform the duty imposed thereby upon appellee; and again no consideration was either pleaded or proved for such an undertaking on the part of appellee.

[3] The thirteenth assignment of error complains of the sixth paragraph of the gen-

eral charge to the jury upon the measure of damages and particularly upon this portion of said charge: "You will find for the plaintiff such damages as you may find to be the result of such injuries and depreciation, if any." This paragraph of the charge is too broad, but by reason of appellant's failure to ask a correct charge upon the measure of damages no complaint can be made in this court by reason of the error.

The fifteenth assignment of error is based upon the refusal of the court to give a peremptory charge to find in favor of defendant, and it is insisted under this assignment that because the evidence shows there was no negligent delay in the transportation of the cattle to market, and the whole cause of action is based on an allegation of such delay, the peremptory instructions should have been given. As said in the Scott Case, the evidence is sufficient to support the verdict upon the issue of negligent delay. Appellant was required to unload, feed, and water and hold the cattle at Caldwell, Kan., for 5 hours, but it was not justified according to the evidence in this record in holding them for 15 hours. This issue of fact has been determined adversely to appellant by the jury, and in our opinion their finding is correct.

[4, 5] Appellant's brief contains two assignments of error numbered 18. The first is the only one of the two entitled to be considered, and that raises the question as to whether the failure of appellee to give notice in writing of his damages to some general officer, claim agent, or station agent of appellant within 90 days bars his right of recovery. Reference to the pleadings in this case shows that appellant does not deny that notice was given under this term of the contract, and that the allegation with reference to it is as follows: "And, further specially answering in this behalf, this defendant shows to the court that the written contract under which the shipment in question was made and which contract is referred to in the next preceding paragraph herein contained the following provision and stipulation: 'That, as a condition precedent to the bringing of any suit for damages for any loss or injury to the person or persons or property covered by this contract, the claimant shall give notice in writing of the claim for such damages to some general officer, claim agent, or station agent of the said first party, not later than ninety days after the date of the loss or injury claimed and a failure to strictly comply with this provision shall be a bar to recovery of any and all damages occasioned to the person or persons or property embraced in this contract.' Defendant shows to the court that W. M. Whittington is the vice president of and general manager of this defendant, and that Henry Lucas is its auditor, both of whom reside in Ft. Worth, Tex., and that H. E. Allen was its division superintendent, residing at Amarillo,

Tex., at the time said shipment was made and long afterwards, and that it had local agents at Vega, Adrian, Wildorado, Amarillo, and other stations along its line of railway, all of whom were known to plaintiff, or could have been known to him by the exercise of ordinary care, and that the written notice provided for in the said provision of said contract was reasonable, valid, and binding stipulations. Defendant shows that if any notice of any claim for damages on account of said shipment was ever given by plaintiff to any one that it was to the officers and agents of the Chicago, Rock Island & Pacific Railway, connecting carrier of this defendant, and not to any of its officers or agents; that the Chicago, Rock Island & Pacific Railway Company is a foreign corporation, chartered under the laws of the state of Illinois, and in the handling of the shipment referred to herein was not the agent of this defendant, and this defendant is not a partner of said Chicago, Rock Island & Pacific Railway Company, and is not bound by any notices given to or received by it in reference to shipments, and is not bound by any notice given to it or its agents by the plaintiff herein, and this defendant here pleads said provision of said contract in bar of plaintiff's right to recover herein."

The effect of the Carmack Amendment (Act June 29, 1906, c. 3591, § 7, 34 Stat. 595 [U. S. Comp. St. Supp. 1911, p. 1307]) is to abolish the stipulation for separate liability of connecting carriers of interstate freight, and to make any one carrier liable by action brought against it for the negligence of any or all of such carriers over which the shipment upon which the suit is based passed, and under the provisions of the act we think notice to either of the connecting carriers of loss or damage to the live stock in this case is notice to all. The purpose of a stipulation for notice has been to enable the carrier to investigate the claim and prepare its defense while the circumstances attending the shipment are fresh in the memory of its employés, and while its employés are still with the company. It has not been shown by appellant in this case that the claim was not fully investigated, or that prior to the institution of the suit it refused payment of the claim, because notice was not given within 90 days. The record further discloses that, on the day after the cattle reached Kansas City plaintiff called on John Fox, whom he testified is the agent of the delivering carrier, and told him about the matter, and that Mr. Fox asked him to write him (Fox) when he got home. It is further shown that plaintiff did write Fox on October 22d, that he had 4½ cars in the shipment. This letter it seems also made complaint of injuries to other cattle, which plaintiff had undertaken to adjust with appellant company. No objection has been made by appellant to the form or contents

of the notice, and we find that appellants have waived this provision of the contract.

The remaining assignments of error have not been prepared and briefed in accordance with the rules, and will therefore not be considered.

Finding no reversible error in the record, the judgment is affirmed.