MISSOURI, K. & T. RY. CO. OF TEXAS v. DUNN.

(Court of Civil Appeals of Texas. Austin. April 30, 1913. Rehearing Denied May 28, 1913.)

1. TRIAL (§ 252*) — INSTRUCTIONS — APPLICABILITY TO EVIDENCE.

In an action against a railroad company for damages to a shipment of cattle caused by delay and rough handling, a requested charge that if the cattle were shipped on the first freight train after being received by defendant, and the train was run on regular schedule time, then no damages for delay could be recovered, was properly denied, where there was no evidence showing that the shipment went out on the first train after receipt.·

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 505, 596–612; Dec. Dig. § 252.*]

2. CARRIERS (§ 215*) — CARRIAGE OF LIVE STOCK—DELAY.

A carrier cannot absolve itself from liability for injuries to a shipment of cattle caused by negligent delay by merely showing that the cattle were shipped on a freight train which proceeded on schedule time, where it·did not appear that the train was operated upon such schedule that it would reach the destination within a reasonable time.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 923; Dec. Dig. §·215.*]

3. TRIAL (§ 261*)—INSTRUCTIONS—ERRONEOUS REQUEST.

Where a special charge covering a phase of the case not dealt with by the main charge was incorrectly drawn, it may be properly refused, and the court is under no duty to prepare and give a proper special charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 484, 660, 671, 673, 675; Dec. Dig. § 261.*]

Appeal from McLennan County Court; Sam E. Stratton, Special Judge.

Action by Penn G. Dunn against the Missouri, Kansas & Texas Railway Company of Texas. Begun in justice's court and appealed by defendant to the county court,

where judgment was again rendered for plaintiff, and defendant appeals. Affirmed.

Alex. S. Coke, of Dallas, and J. W. Cocke and Spell & Sanford, all of·Waco, for appellant.

RICE, J. This suit was brought by appellee in the justice's court against St. Louis & Southwestern Railway Company of Texas and appellant, to recover damages alleged to have been sustained to a car load of cattle shipped by him from Mt. Calm, via Waco, to Ft. Worth; the grounds of negligence alleged being delay and rough handling en route, whereby he sustained loss, as claimed. A trial in the justice's court resulted in favor of appellee against both companies for the sum of $185. On appeal to the county court judgment was rendered in behalf of appellee against appellant for the sum of $200, but in favor of the former company, from which judgment this appeal is taken.

The record shows that the shipment left Mt. Calm about 9:20 on Thursday night, the 29th of September, 1910, reaching Waco between 11 and 12 o'clock, and was delivered by the first-named company to appellant at 1 o'clock that night, but did not leave Waco until after 5 o'clock the next morning, reaching Hillsboro about 6:15 a. m., where it was delayed for six hours, finally leaving there at 12:30, reaching Ft. Worth at 5:45 Friday evening, too late for the market of that day. No rough handling nor appreciable delay was shown as against the St. Louis & Southwestern Railway Company, but it appeared that the cattle· were roughly handled by appellant both at Waco and Hillsboro, whereby they were bruised and injured, and that appellant was guilty of delay in failing to deliver them· at Ft. Worth in time for Friday's market; the evidence showing on the part of appellee that from eight to ten hours is the usual and ordinary time for shipments of this character from Mt. Calm to Ft. Worth. The market being very poor on Saturday, appellee was forced to hold the cattle over until Monday, at which time they were sold for less than they would have brought had they reached Ft. Worth in time for the Friday market; that they likewise lost in weight and marketable appearance by reason of such delay and injury, and brought less by reason thereof.

[1, 2] The court did not err in refusing special charge No. 2, to the effect that if the cattle were forwarded from Waco by its first through freight train running on regular schedule time, yet if same could not have reached Ft. Worth in time for Friday's market, then said market could not be the basis upon which to predicate a recovery, but such basis should be the difference between· the Saturday and Monday's market, and, as Saturday's market· was lower than that of Monday upon which the cattle were. sold,

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

then it was their duty to find for defendant on the issue of delay, because: First, there was no evidence showing that this shipment went out on the first freight train after its receipt by appellant; and, second, even if it had been so shown, then it would not necessarily have been absolved from negligence merely by running on schedule time, unless it be shown that a train operated upon such schedule would reach Ft. Worth within a reasonable time.

[3] But appellant contends that, even if this charge was incorrect, it suggested a phase of the case not covered by the main charge, and therefore the court should have given a proper charge on this subject. If the special charge was incorrect as drawn, it was not the duty of the court to prepare and give a proper special charge. Unless the requested instruction be legal and correct in the very terms asked, it is not the duty of the court to give it, whether or not it is suggestive of what should have been given. Water Co. v. Cauble, 19 Tex. Civ. App. 417, 47 S. W. 538.

We think the court gave the true measure of damages in this case, and that the charge as given was not upon the weight of evidence. Nor do we think that the charge was misleading, as contended.

We do not think that the court erred in instructing the jury that they might find against that defendant only that they believed the evidence showed was guilty either of delay or rough handling, and apportion the damages in accordance therewith, as contended by appellant in its fifteenth and sixteenth assignments. This charge, if error at all, was not prejudicial to the rights of appellant, but to those of the St. Louis & Southwestern Railway Company, since the evidence failed to show any rough handling on their part and was hardly sufficient to raise the issue of delay.

Finding no error in the proceedings of the trial court, its judgment is in all things affirmed.

Affirmed.