## BAKER v. NANCE BROS.   (No. 7078.)

Court of Civil Appeals of Texas. Austin.
April 13, 1927.

Rehearing Denied May 4, 1927.

1. Evidence ⬿539½(3)—Experienced cattlemen's testimony as to usual time for making certain run held admissible, though none had made shipments during same year as that involved.

In action, for damages by negligent delay of shipment of cattle, testimony of experienced cattlemen, familiar with same run from their own experiences in shipping over it, as, to usual ·time for making trip, held admissible, though none had made shipments during same year as that involved; remoteness of their shipments going only to weight of testimony.

2. Evidence ⬿471(3)—Testimony as to facts ascertained from experience is admissible.

Testimony as to facts, ascertained by witnesses from experience, is admissible.

3. Appeal and error ⬿662(3)—Appellant filing bill of exceptions as qualified without objection is bound by qualification.

Appellant accepting and filing bill.of exceptions as qualified by trial court without objection is bound by such qualification.

4. Appeal and error ⬿724(4)—Assignment of error in overruling objections to charge, without specifying objections on which error is predicated, need not be considered.

Assignment that court erred in overruling defendant's objections to court's charge, etc., without specifying on which of eight objections error is predicated, is too general to require consideration.

5. Trial ⬿352(1, 5)—Issues as to shrinkage in weight of cattle, and loss by staleness, because of delayed shipment, held not erroneous as on weight of testimony or assuming facts.

In action for damages for negligent delay of shipment of cattle, questions submitted as to what, if any, was shrinkage in weight per animal, and what was loss, if any, per hundred pounds because ·of staleness, between times cattle were sold and could have been sold had ordinary care been used to transport them in reasonable time, held not erroneous as on weight of testimony or assuming that shrinkage and staleness occurred.

6. Trial ⬿352(5)—Issues as to shrinkage in weight and staleness of cattle held not erroneous, though assuming such facts where uncontroverted testimony showed both.

In action for damages for negligent delay in shipment of cattle, questions submitted as to what, if any, was shrinkage in weight per animal, and what was loss, if any, per hundred pounds because of staleness, between times cattle were sold and could have been sold had ordinary care been used to transport them in reasonable time, held not erroneous, even if on weight of testimony, or assuming shrinkage and staleness, where uncontroverted testimony showed both at time of sale and that same was due to delay.

7. Carriers ⬿229(2)—Damage for negligent delay in transporting cattle is difference between market value when delivered and when they should have arrived.

Damage recoverable for negligent delay in shipment of cattle is difference between market value thereof as and when delivered at destination, and what would have been such value at time and place, and in condition in which, cattle would have arrived but for such negligence.

---

⬿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**8. Appeal and error ⊕═1062(2)—Submission of issues as to when cattle should have arrived held unnecessary, in view of jury's finding on ample evidence as to when they would have reached destination but for delay in shipment.**

Where jury found on ample evidence that cattle would have reached destination in time for certain day's market, but for railroad's negligent delay in shipment, submission of requested issues as to day and hour they should have arrived was unnecessary.

**9. Trial ⊕═350(8)—Failure to submit to jury uncontroverted questions as to time of arrival of cattle shipment, decline in market price before sale, and weight, price, and market value when sold, held not error.**

Where it was not disputed, in action for damages by negligent delay in shipment of cattle, that they arrived too late for sale on certain day and that market declined certain amount before day of sale, and weight of cattle when sold, price received, and fact that such price was their fair market value at time in their then condition were not controverted, there was no error in not submitting such matters to jury.

**10. Trial ⊕═251(4) — Failure to instruct on shippers' duty to care for cattle held not error where such contract provision was not specially pleaded.**

Failure to instruct jury, in action for damage by delay in shipment of cattle, that it was plaintiffs' duty under shipping contract to load, unload, feed, water, and care for cattle, because of having sent attendant with shipment, and that defendant would not be liable for delays caused by attendant's failure to do so promptly, held not error, where such provision of contract was not specially pleaded.

**11. Carriers ⊕═230(4)—Failure to instruct on shippers' duty to care for cattle held not error, where carrier assumed such duty.**

Failure to instruct jury, in action for damage by delay in shipment of cattle, that it was plaintiffs' duty under shipping contract to load, unload, feed, water, and care for cattle, because of having sent attendant with shipment, and that defendant would not be liable for delays caused by attendant's failure to do so promptly, held not error, where evidence clearly showed that carrier waived such provision of contract and assumed such duties.

**12. Trial ⊕═350(6)—Refusal to submit issue whether cattle would have failed to reach destination in time for market, had connecting carriers transported them within reasonable time, held not error.**

In action against railroad company for damage by negligent delay of cattle shipment, refusal of special issue, whether cattle would have failed to reach destination in time for sale on certain day, if connecting carriers had used ordinary care to transport cattle within reasonable time after delivery to them, held not error, where plaintiffs' pleadings charged unnecessary delays on entire route and consumption of unreasonable time in shipment.

**13. Carriers ⊕═228(5)—Proof that cattle moved by first available regularly scheduled train held insufficient to relieve carrier from liability for delay.**

In action against railroad company for damage by unreasonable delay of shipment of cattle, it was not sufficient for defendant to show merely that cattle were moved by regularly scheduled trains and on first train available, unless it showed also that they would have reached their destination within reasonable time under such schedule, which may have been unreasonably slow.

**14. Carriers ⊕═219(4) — Strike ,on connecting carriers' lines held not to relieve initial carrier from liability for delay in shipment of cattle.**

Initial carrier held not excused for negligent delay in shipping cattle by outlaw strike on connecting carriers' lines requiring change of routing, where neither shipper's nor initial carrier's agent at point of shipment knew of strike when cattle were accepted for shipment, and shippers would not have shipped cattle over such lines had they known of strike.

Appeal from District Court, Hays County; M. C. Jeffrey, Judge.

Action by Nance Bros. against James A. Baker, receiver of the International & Great Northern Railway, in which the International-Great Northern Railroad Company was substituted as party defendant. From a judgment against the substituted defendant, it appeals. Affirmed.

Guinn & McNeill, of San Antonio, and F. C. Davis and Marshall Eskridge, both of San Antonio, for appellant.

Will G. Barber and E. M. Cape, both of San Marcos, for appellees.

BAUGH, J. This suit was brought by appellees against appellant for damages for negligent delay and rough handling of a shipment of two cars of beef cattle from Kyle, Tex., to the National Stockyards, East St. Louis, Ill., on June 26, 1920. The case was submitted to a jury on special issues. They found that the carriers were guilty of negligent delays causing damages to the cattle, and upon such findings and separate findings of his own the court rendered judgment for plaintiffs, appellees here. Subsequent to the filing of said suit, James A. Baker, receiver of the International & Great Northern Railway, was discharged, said company was reorganized under the name of the International-Great Northern Railroad Company, and judgment rendered against the new company. From said judgment this appeal is prosecuted.

Appellant's first assignment is overruled. The contention therein made is expressly determined against appellant by article 8604a, U. S. Compiled Statutes 1918.

[1] Assignments 2 to 7 may be discussed

together. They complain of the admission of testimony of five or six experienced cattlemen, shippers, and caretakers who had made or accompanied numerous shipments of cattle over this same route from Kyle, San Marcos, and New Braunfels to East St. Louis, covering periods of from 10 to 40 years. Appellant contends that the witnesses were not qualified because they had made no such shipments in June or July, 1920; that shipments in previous years were too remote to be admissible; and that only shipments made during 1920 would be competent to prove what was a usual and customary time to make such trip. It is unnecessary to set out the qualifications of these witnesses separately. Suffice it to say that all of them were experienced cattlemen and showed themselves familiar with this same run from their own experiences in shipping over it. None of them had shipped cattle over it in 1920, and some had not shipped any for four or five years prior to that time. All of them testified that the usual and customary time for making such trip was from 56 to 66 hours; that cattle leaving Kyle before noon on Friday would ordinarily reach East St. Louis early Monday morning in time for Monday's market; and those leaving Kyle on Saturday a. m. would make Tuesday's market in East St. Louis. The cattle in question left Kyle about noon Saturday, June 26th, arrived at East St. Louis about 3 p. m. on Wednesday, June 30th, and could not be sold until Thursday, July 1st.

[2] This testimony was admissible. It is not of the same character as that admitted in H. & T. C. R. Co. v. Roberts, 101 Tex. 420, 108 S. W. 808, cited by appellant. That was clearly an instance where witness was called upon for an opinion on a mixed question of law and fact, involving directly the ultimate issue to be determined; i. e., what was a reasonable time to transport cattle with ordinary care? No such testimony is here involved. These witnesses were testifying to facts ascertained from experience. It is now well settled in Texas that such testimony is admissible. International & G. N. R. Co. v. Parke (Tex. Civ. App.) 169 S. W. 399; Hines v. Davis (Tex. Civ. App.) 225 S. W. 863. Nor was it necessary that such shipments by witnesses should have been made during 1920 to render their testimony admissible. The remoteness of their shipments from the one sued upon goes to the weight of their testimony and not to its admissibility. Atchison, T. & S. F. R. Co. v. Davidson, 60 Tex. Civ. App. 93, 127 S. W. 895 (writ ref.); Pecos & N. T. R. Co. v. Gray (Tex. Civ. App.) 145 S. W. 729; Pecos & N. T. R. Co. v. Dinwiddie (Tex. Civ. App.) 146 S. W. 280 (writ ref.).

[3] If entirely different conditions had existed on said route in 1920 from those obtaining when witnesses made their shipments in prior years, that fact could have been shown, but the trial court qualified appellant's bill of exceptions to this testimony as follows:

"The foregoing bill of exception is approved with the following explanations and qualifications, that is: * * *

"(3) While the witness had not handled any shipment in the summer of 1920, there was no evidence showing any reason why it should have properly taken more time in 1920 to move cattle from Kyle to East St. Louis than it did in prior years. On the contrary, the undisputed evidence given by employees of defendant showed the route was the same, that the grades had been lowered, the roadbeds greatly improved, heavier engines brought into use, and no more difficulties to contend with than in antecedent years."

Appellant accepted and filed its bill without objection, as thus qualified, and is bound by such qualification. Payne & Joubert Machine & Foundry Co. v. Dilley (Tex. Civ. App.) 140 S. W. 496; Rhoades v. El Paso, etc., Ry. Co. (Tex. Civ. App.) 230 S. W. 481; San Antonio Traction Co. v. Settle, 104 Tex. 147, 135 S. W. 116.

[4-6] Assignments 8 to 12 embody appellant's objections to the trial court's charge. The eighth assignment complains that "The court erred in overruling defendant's objections to the charge of the court, etc." There were eight in number, and the assignment does not specify upon which ones error is predicated. Obviously it is too general to require consideration. Nor is there any merit in appellant's objections to issues submitted to the jury on the staleness of the cattle, and their shrinkage in weight. These issues as submitted were as follows:

"Question No. 4. What, if any, was the shrinkage in weight, in pounds, per animal between the time when said cattle were in fact sold upon the market, and the time when they could have been sold upon the market, had ordinary care been used to transport them in a reasonable time?

"Question No. 5. What was the loss, if any, sustained by the plaintiffs, stated in cents per hundred pounds on the cattle when sold, caused by the staleness, if any, of the cattle accruing between the time that the cattle were, in fact, sold upon the market, and the time they could have been sold upon the market, if they had been transported with ordinary care and within a reasonable time?"

These questions were not on the weight of the testimony, nor do they, in our opinion, assume that shrinkage and staleness occurred. Even if they do, however, there was no error, because the uncontroverted testimony of the witnesses showed both staleness and shrinkage at the time of the sale and that same was due to the delay.

The thirteenth assignment complains of the refusal of the trial court to submit the following issue requested by appellant:

"What was the market value per hundred pounds of plaintiff's cattle at the time they were delivered at their destination?"

In the fourteenth and fifteenth assignments complaint is made of refusal to submit special issues requested by appellant seeking to have the jury find "on what day and hour" plaintiff's cattle would have reached the market had they been transported with ordinary care and within a reasonable time.

[7-9] The general rule is that, admitting negligent delay (plaintiffs abandoned their allegations of rough handling en route), the damage recoverable is the difference between the market value of the cattle as and when delivered at destination, and what would have been such market value at the time and place and in the condition in which the cattle would have arrived, but for such negligence. The plaintiff pleaded expressly that the cattle, but for appellant's negligence, would have reached East St. Louis on Tuesday, June 29th, in time for that day's market. This issue was submitted to the jury as pleaded, and the jury answered it in the affirmative. There was ample evidence to support that finding. The requested issues as to the "day and hour" the cattle should have arrived were thus rendered unnecessary. It is not disputed that the cattle arrived Wednesday, June 30th, too late for sale that day, and that they had to be sold Thursday, July 1st. Nor is it controverted that the market for this grade of cattle declined 75 cents per hundredweight from Tuesday to Wednesday and 25 cents per hundredweight from Wednesday to Thursday. Nor was the weight of the cattle when sold, the price received, nor the fact that such price was their fair market value at that time and in their then condition, controverted. It was not necessary to submit these matters to the jury, and there was no error in the court's failure to do so. The only facts as to damage remaining for determination of the jury, then, were those submitted in issues Nos. 4 and 5, supra, and when the jury found those facts the amount of the damage became purely a matter of computation for the court. Clearly, we think, all the elements of damage, over which there was any issue, were fairly submitted to the jury and appellant's assignments are without merit.

[10-11] Under its seventeenth assignment appellant complains of the trial court's failure to instruct the jury that under the shipping contract it was the plaintiffs' duty, they having sent an attendant with the shipment, to load, unload, feed, water, and care for said cattle, and that the appellant would not be liable for any delays caused by a failure of such attendant to do so promptly. There is no merit in this. Such a provision in the shipping contract could be available to the appellant in no event unless specially pleaded, which was not done in this case. Herndon v. Texas & P. R. Co. (Tex. Civ. App.) 145 S. W. 285; Gulf, C. & S. F. R. Co. v. Boger (Tex. Civ. App.) 169 S. W. 1093; 10 C. J. 368.

And even if appellant had pleaded specially this provision of the contract, it would have made no difference, for the reason that the evidence clearly shows that the carrier waived it, and assumed the duty of loading, unloading, and otherwise looking after the cattle itself. 10 C. J. 106; Missouri Pac. R. Co. v. Kingsbury (Tex. Civ. App.) 25 S. W. 323; San Antonio & A. P. R. Co. v. Dolan (Tex. Civ. App.) 85 S. W. 302; Chicago, R. I. & G. R. Co. v. Linger (Tex. Civ. App.) 156 S. W. 298.

[12] The last assignment to be considered complains of the trial court's refusal to submit the following special issue tendered by appellant:

"Considering the date and hour plaintiff's cattle were delivered to the connecting carrier at Texarkana, and the time that had then elapsed since the cattle had been fed, if such carriers had thereafter used ordinary care to transport such cattle within a reasonable time, would they have failed to reach their destination in time to have been sold upon the market of Tuesday, June 29, 1920?"

Appellant insists that the record shows no delays in the shipment from Kyle to Texarkana, the place where the International & Great Northern delivered the cattle to its connecting carrier, and that if all the delays in fact occurred on the lines of the connecting carriers, it was entitled to have the jury so find. We do not sustain this contention. Appellees, in their pleadings, charged unnecessary delays on the entire route, and that the time consumed in shipment was unreasonable. It was the duty of the initial carriers to see that the cattle were transported promptly over the entire route.

[13] Nor was it sufficient to show merely that the cattle moved by regularly scheduled trains, and on the first train available, unless it be shown also that under such schedule the cattle would have reached their destination within a reasonable time. Such schedules, as to live stock, may have been unreasonably slow. Gulf, C. & S. F. R. Co. v. Porter, 25 Tex. Civ. App. 491, 61 S. W. 343; Kansas City, M. & Orient R. Co. v. Beckham (Tex. Civ. App.) 152 S. W. 228; St. Louis S. F. & T. R. Co. v. Armstrong (Tex. Civ. App.) 166 S. W. 366; Missouri, K. & T. R. Co. v. Dunn (Tex. Civ. App.) 157 S. W. 434.

[14] Nor can appellant excuse itself because of the so-called "outlaw strike" on the connecting carrier lines, which admittedly required changing the routing of these cattle to one not usually traveled, and 30 miles longer than that usually followed between Texarkana and East St. Louis. It is not controverted that neither the appellees nor the agent at Kyle knew anything about such strike when the cattle were accepted for shipment, nor that appellees, had they known of such strike, would not have shipped these cattle to market over the lines involved.

Under such circumstances, the carrier cannot excuse itself for delays due to unusual conditions on its connecting lines over which the shipment is routed. Missouri, K. & T. R. Co. v. Stark Grain Co., 103 Tex. 542, 131 S. W. 410; Texas Cent. R. Co. v. Hannay-Frerichs & Co., 104 Tex. 603, 142 S. W. 1163; Ft. Worth & R. G. R. Co. v. Hasse (Tex. Civ. App.) 226 S. W. 448; Galveston, H. & S. A. R. Co. v. Buck (Tex. Civ. App.) 230 S. W. 894.

The appellees showed an unreasonable delay in transportation of their beef cattle to market and a resulting damage for which appellant has clearly failed to excuse itself. They were therefore entitled to recover their damages. Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.