### WESTERN UNION TELEGRAPH CO. v. ALRED. (No. 2890.)*

Court of Civil Appeals of Texas. Amarillo. Oct. 26, 1927.

Rehearing Denied Jan. 4, 1928.

**1. Telegraphs and telephones ☞59—Recovery may be had against telegraph company failing to properly transmit and deliver telegram either in action ex contractu or ex delicto.**

Recovery may be had against telegraph company for failure to properly transmit and deliver a telegram either as for a breach of contract, express or implied, or for a failure by company to perform duties imposed on it by common law.

**2. Telegraphs and telephones ☞35, 36—Telegraph company must receive all messages and transmit them with due care.**

Duty is imposed by law on telegraph company to receive and transmit, with due care, all messages tendered to it.

**3. Telegraphs and telephones ☞66(4)—Evidence in suit against telegraph company for failure to properly transmit and deliver telegram held to establish contract to transmit message.**

In suit to recover damages against telegraph company for failure to properly transmit and deliver a telegram, evidence held, sufficient to establish a contract or undertaking on part of company to transmit telegram in accordance with its common-law duty.

**4. Evidence ☞54—One fact may be presumed from proof of another.**

In many cases one fact may be presumed from proof of another fact.

**5. Telegraphs and telephones ☞66(2)—Telegram held admissible in suit for damages for failure to properly transmit and deliver message, as showing receipt with undertaking to transmit.**

In suit to recover against telegraph company for failure to properly transmit and deliver a telegram, message itself, though not positive proof that sender contracted with defendant's agent for its transmission, is admissible as evidence tending to show that company did receive and undertook to transmit it in accordance with its common-law duty.

**6. Telegraphs and telephones ☞65(1)—Petition alleging failure to properly transmit telegram advising plaintiff of father's death held to support recovery.**

In suit against telegraph company to recover damages for failure to properly transmit and deliver a telegram alleging that defendant's agent failed to properly transmit message advising plaintiff of father's death, whereby plaintiff was led to believe that father's condition was better, and was prevented from attending funeral, held, sufficient to support a recovery based either on a breach of contract or failure to fulfill duties imposed on company by common law.

**7. Evidence ☞314(3)—Death may be proven by hearsay.**

Death is a fact which may be proven by hearsay evidence.

**8. Appeal and error ☞544(1), 719(5)—Admission of evidence held harmless, without contention that it was incompetent, or bill of exception to its admission.**

Admission of testimony, if error, was harmless, in absence of contention that it was incompetent, or bill of exception in record to its admission.

**9. Telegraphs and telephones ☞66(1)—Damages for telegraph company's failure to transmit and deliver telegram advising plaintiff of father's death need not be proven.**

In suit against telegraph company to recover damages for failure to properly transmit and deliver a telegram advising plaintiff of death of his father, whereby he was prevented from attending funeral, it was unnecessary to prove damages, since fact of mental anguish in such case may be presumed, making it unnecessary to introduce testimony as to extent of suffering.

**10. Telegraphs and telephones ☞71—$400 for telegraph company's failure to properly transmit and deliver telegram advising plaintiff of father's death held not excessive.**

Four hundred dollars as damages against telegraph company for failure to properly transmit and deliver telegram advising plaintiff of father's death, whereby he was prevented from attending funeral, held, not excessive.

Error from District Court, Wichita County; E. G. Thornton, Judge.

Suit by E. E. Alred against Western Union Telegraph Co. Judgment for plaintiff, and defendant brings error. Affirmed.

W. H. Flippen and Jno. T. Gano, both of Dallas, for plaintiff in error.

Fischer & Fischer, of Wichita Falls, for defendant in error.

HALL, C. J. Defendant in error, Alred, instituted this suit to recover of plaintiff in error damages for failure to properly transmit

and deliver to defendant in error a telegram sent from Ethel Alred, at Lubbock, Tex., to him at Wichita Falls, Tex., advising him of the death of his father. He alleges that the telegram was worded as follows: "Papa gone to sleep. Services this evening. Notify A. C. Howard." He further alleges that said message was transmitted to him by the receiving office at Wichita Falls over the telephone by defendant's agent, and that such agent transmitted only the following portion of said telegram: "Papa gone to sleep. Notify A. C. Howard." He further alleges that because of such failure to properly transmit such message plaintiff believed that his father's condition was better, and did not understand that he was then dead, and that plaintiff was thereby prevented from attending the funeral of his father, to plaintiff's damage in the sum of $15,000.

Defendant company answered by general demurrer, general denial, and specially answered that it handled the suit message with all reasonable and seasonable dispatch; that the failure to deliver, if any, was in no wise attributable to any act of omission or commission on its part, but through an agency beyond its control, and further specially alleged that the failure to deliver, if any, and the damages resulting, if any, were directly and proximately caused by the negligent acts of commission or omission on the part of the plaintiff directly contributing thereto. The case was submitted to the jury upon special issues, and upon the answers judgment was rendered in favor of plaintiff for the sum of $400 and costs.

[1] The first proposition urged is that it is necessary for plaintiff, in suits of this character, to both allege and prove that the company had contracted to transmit and deliver the suit message before he can recover against the telegraph company. It is insisted, under this proposition, that there is no testimony whatever that plaintiff's sister, Ethel Alred, delivered the telegram to defendant's agent at Lubbock for transmission and delivery, or that said agent accepted the telegram and agreed to transmit it. We cannot assent to this proposition. Plaintiff may recover either upon a breach of the contract, express or implied, or he may recover for a failure by the company to perform the duties imposed upon it by the common law. 26 R. C. L. 590, § 90. In other words, he may recover either in an action ex contractu or ex delicto.

[2] With certain exceptions, not involved in this case, the duty is imposed by law upon telegraph companies to receive and transmit with due care all messages tendered to them. Jones on Tel. & Tel. §§ 38, 40; 37 Cyc. 1659, 1665. The copy of the message in question which was delivered to plaintiff some days after its contents had been phoned to him was introduced in evidence. It is dated Lubbock, Tex., June 27, 8:23 a. m. The written part of the message shows that it was received at Wichita Falls, Tex., on June 27, 1926, at 8:36 a. m. It is addressed to the plaintiff, E. E. Alred, gives his street number as 1505 Kemp boulevard, and phone number 9336, at Wichita Falls, and signed Ethel Alred. A further notation written on the face of the telegram indicates that it was phoned to plaintiff on that day at 8:45 a. m.

[3-5] The plaintiff testified that the charges for transmitting the telegram were paid by him through the telephone company. These facts are not denied. We think this is sufficient evidence to show a contract, or rather an undertaking, on the part of the company to transmit the telegram in accordance with its common-law duty, for which it has been duly compensated. Whether a contract was, in fact, made by Ethel Alred with the company, if indeed a formal contract is required, is shown by these circumstances. It is a fundamental rule of evidence that in many cases one fact may be presumed from proof of another fact. Luten v. M., K. & T. Ry. Co. (Tex. Civ. App.) 184 S. W. 798; 10 R. C. L. 868. The company's agent at Wichita Falls testified that the message was received at Wichita Falls, and that she called Mr. Alred over the phone and read it exactly as it was received. No attempt was made during the trial by the defendant to deny that such a telegram had been received at its office in Lubbock, nor does any one testify that the company had not been compensated for its services in transmitting and delivering it. While the telegram itself is not positive proof that Ethel Alred contracted with the defendant's agent at Lubbock for its transmission, it is admissible, and should be considered as evidence tending to show that the company did receive and undertook to transmit, in accordance with its common-law duty, the message written upon its face. Standard Paint Co. v. San Antonio Hardware Co. (Tex. Civ. App.) 136 S. W. 1150; Western Union Telegraph Co. v. Carver et al. (Tex. Civ. App.) 222 S. W. 333.

[6] The allegations in plaintiff's petition are sufficient to support a recovery based either upon a breach of contract or a failure to fulfill the duties imposed upon the company by the common law, and since the evidence shows a breach of its common-law duty, it is sufficient. 37 Cyc. 1728.

By the second proposition, the appellant insists that it was necessary for the plaintiff to both allege and prove in this case that his father was dead and that his funeral was held before he can recover any damages. The plaintiff testified that his father was dead, and that if the message had been read in full to him he could and would have reached Lubbock in time to have attended the funeral.

[7, 8] Death is a fact which may be proven by hearsay. The plaintiff also testified that his father was buried at Lubbock at 6 p. m., on the day of his death. No objection was made to this testimony. The appellant knew from the face of the message that the rela-

tives intended to bury plaintiff's father that afternoon. It was uncontroverted that the funeral was held about 6 p. m. on June 27th. It is not insisted here that this testimony was incompetent, nor is there any bill of exception in the record to its admission. The admission of the evidence, if error, was, therefore, harmless, and especially in view of the further fact that through defendant's negligence, the message was not delivered to plaintiff until the third day after the funeral. Plaintiff knew and testified as to how long it would have taken him to make the drive from Wichita Falls to Lubbock, and his statement that he could have reached there in time for the funeral is, so far as the record shows, a statement of a fact. Baker v. Nance Bros. (Tex. Civ. App.) 294 S. W. 290. He was corroborated upon this point by the witness Boone, who had made the trip by automobile several times.

[9] By the third proposition, it is insisted that plaintiff failed to prove that he suffered any damages by reason of defendant's negligence and his consequent inability to attend the funeral of his father. Where the relationship of father and son, or other such relation, exists between the plaintiff and the deceased, the fact of mental anguish may be presumed by the jury, and it is not necessary for the plaintiff to testify as to the extent of his suffering. Western Union Telegraph Co. v. Porter (Tex. Civ. App.) 26 S. W. 866; Western Union Telegraph Co. v. Adams, 75 Tex. 531, 12 S. W. 857, 6 L. R. A. 844, 16 Am. St. Rep. 920.

[10] The fourth proposition assails the judgment as being excessive. We overrule this contention.

Finding no reversible error, the judgment is affirmed.