**WESTERN UNION TELEGRAPH CO., Plaintiff in Error, v. Ernest HILL, Defendant in Error.     (No. 2889.)** *

Court of Civil Appeals of Texas. Amarillo. Oct. 26, 1927.

Rehearing Denied Jan. 4, 1928.

Error from District Court, Wichita County; E. G. Thornton, Judge.

W. H. Flippen and Jno. T. Gano, both of Dallas, for plaintiff in error.

Fischer & Fischer, of Wichita Falls, for defendant in error.

HALL, C. J. Defendant in error, Hill, sued the Western Union Telegraph Company to recover damages for the failure to deliver to him, with proper diligence, a telegram sent by one Earl at Cameron, to plaintiff at Wichita Falls, advising the latter of the death of his mother and requesting him to wire if he was coming. It is alleged that the telegram was received by the defendant's agent at Wichita Falls at 11:57 a. m. on the date it was sent, and that the company negligently failed to deliver it until about 9:00 p. m. on that date, and because of such negligence, plaintiff was unable to attend the funeral of his mother. He prays for $2,000 damages.

The defendant answered by general demurrer and general denial, and specially answered that the failure to make an earlier delivery was not due to any negligence on its part; that diligent efforts were made by its employees to make a speedy delivery of the same, and that the delay was wholly due to the absence of the the addressee, over which the defendant had no control. It is further alleged that the plaintiff was guilty of contributory negligence in failing to ascertain the schedules of trains immediately upon receipt of the message, which would have enabled him to reach Cameron in time for the funeral. A trial to a jury resulted in a judgment in favor of plaintiff in the sum of $1,150.

The appeal is presented here upon four propositions, which are identical with the propositions presented by defendant in cause No. 2890, Western Union Telegraph Co. v. Alred, 4 S. W. (2d) 666, this day decided by this court, The issues presented by the pleadings and upon which testimony was offered furnish no additional reasons in support of the contentions here than were presented in the Alred Case. Counsel for appellant, in oral argument, stated that the questions of law in the two cases were, for all practical purposes, identical, except that the amount of the judgment in this case was much larger than in the Alred Case.

For the reasons stated in the Alred Case, all of the propositions are overruled and the judgment is affirmed.