OTTO NEITCH, GUARDIAN, v. ANNIE HILLMAN,
ADMINISTRATRIX, ET AL.

Decided June 26, 1902.

1.—Evidence—Transactions with Decedent.

In an action by heirs on a note to their deceased ancestor testimony by the defendant makers that the deceased got from them a lot of wood in payment, and as to a settlement of accounts between one of the makers and deceased, and that some of the makers signed the note only as sureties, was inadmissible over objection that the witnesses were parties and the testimony inhibited by the statute because relating to and involving transactions with the deceased.

2.—Same—Erroneous Admission—Reversal.

When it is manifest from the record that the court was influenced by illegal testimony admitted over objection duly reserved, the judgment will be reversed, although there is some competent evidence to support it.

Appeal from the County Court of De Witt. Tried below before Hon. C. A. Sumner.

*Thomas Smoot,* for appellant.

*Price, Green & Green* and *Davidson & Bailey,* for appellees.

GARNETT, CHIEF JUSTICE.—Otto Neitch, as guardian of the minor heirs of B. F. Gill, deceased, and as the husband of the remaining adult heir of said Gill, brought this suit in the County Court of De Witt County against Annie Hillmann, as administratrix of the estate of Henry Hillmann, deceased, and James Hickey and Gerhardt Eilers, to recover upon a promissory note executed by the said Henry Hillmann, Hickey, and Eilers to the said B. F. Gill. The defendants pleaded payment of the note in wood received by Gill from the administratrix of Hillman. At the trial the court below allowed the administratrix and the defendant Eilers to testify, over the objection of the plaintiff, that they were parties to the suit and that the proposed testimony was as to trans-

actions with the deceased; that Gill got a quantity of cordwood from the gin belonging to the Hillmann estate, stating the amount and value; and further allowed the defendant Eilers to testify about a settlement of accounts between him and Gill. The evidence was not admissible for the reason stated in the objection of the plaintiff to the evidence. Bennett v. Land and Cattle Co., 1 Texas Civ. App., 322; Simpson v. Brotherton, 62 Texas, 170; Newton v. Newton, 77 Texas, 510.

But as the case was tried by the court without a jury, the appellees contend that there was other evidence sufficient to support the judgment, and that it ought to be presumed that the court was not influenced in rendering judgment by the consideration of any illegal evidence. It appears from the record, however, both from the conclusions of fact filed by the court and the bill of exceptions allowed by him, that the illegal testimony of these witnesses must have been considered in arriving at the judgment. The bill of exceptions was allowed by the judge without qualification after the rendition of the judgment and the filing of the conclusions of fact, and the findings of fact show material conclusions that could only have been reached by a consideration of the objectionable evidence. When it is manifest that the judgment of the court has been influenced by incompetent evidence it will be reversed, although there is some evidence to support it. Moore v. Kennedy, 81 Texas, 144.

The court erred also in permitting the defendants Hickey and Eilers to testify that they signed the note as sureties for the deceased, Henry Hillman. It was not authorized by any pleading in the case and was not admissible as against the plaintiff, as it tended to show a transaction with the deceased Gill. No facts were sufficiently pleaded to show a release of the defendants Hickey and Eilers by Gill as sureties; and the evidence was not admissible for the purpose of giving judgment over against the estate of Hillman in their favor, because no such relief was asked.

For the reasons stated, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*