GEORGE F. GAITHER v. GEORGE M. LINDSEY.

Decided November 12, 1904.

**1.—Trial by Court—Erroneous Admission of Evidence.**

    The rule that the erroneous admission of evidence will not require the judgment to be reversed where the case was tried by the court and there was ample evidence outside of that objected to, to warrant the judgment, does not apply where the bill of exceptions taken to the admission of the incompetent but material evidence shows that it was both admitted and considered by the court.

**2.—Illegal Practice of Medicine—Recovery Back of Money Paid.**

In an action to recover for medical services rendered, the defense that plaintiff was not authorized to practice medicine because he had not complied with the statute on the subject would not also authorize a recovery back by defendant of money already paid to plaintiff, but such recovery back would be authorized if defendant showed that plaintiff in any way represented himself to be a practicing physician when he was not authorized to practice, and defendant was thereby induced to employ and pay him for professional services.

Appeal from the County Court of Somervell. Tried below before Hon. H. L. Evans.

*J. T. Daniel* and *E. P. Lea,* for appellant.

*W. L. Dean, John J. Hiner* and *W. D. Wilson,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellant made a contract for the treatment of appellee's afflicted wife at a specified price for treatment, and brought this suit to recover a balance claimed to be due under this contract. Appellee resisted the recovery, and sought to recover back from appellant the amount already paid him, with incidental expenses and other losses, on the ground that appellant was not authorized to practice medicine because of his failure to comply with the statute on that subject, which position was sustained in the trial below, and judgment was rendered in appellee's favor for $26, the amount which he had already paid appellant under the contract.

We must sustain the sixth assignment of error, reading: "The court erred in overruling the plaintiff's objections to the testimony of Mrs. —— Young, that Al Young, her deceased husband, told her that Dr. Gaither told him that he, Dr. Gaither, could cure him in two months, and that he, Dr. Gaither, had given him, Young, medicine which was a red-looking stuff, because said testimony was of a material character to the issue in this cause, and because the same was hearsay declarations of Al Young made to his wife, not in the presence of plaintiff, as is shown by bill of exceptions number 6, filed in this cause."

That this was hearsay, and therefore inadmissible, does not seem to be controverted in the brief of appellee, but the counter-proposition is that the error should not require the judgment to be reversed, because the case was tried by the court without a jury and there was ample evidence, outside of that objected to, to warrant the judgment. Inasmuch, however, as the bill of exceptions shows that the hearsay evidence was not only admitted, but "considered" by the court, we fail to see how the fact that the case was tried without a jury would eliminate the error, the presumption indulged in favor of a judgment rendered by the court without a jury, that none but competent evidence was considered in the final adjudication, being thus affirmatively rebutted. That the evidence was material is shown by the following conclusion of the court, on which, in part, the judgment was rendered: "2. I further find that prior to and on the dates set forth in the account herein sued on the plaintiff herein, Geo. F. Gaither, was holding himself out to the public as a physician, and that he actually used drugs and medicines in his

practice as such physician, and that in his treatment of the defendant's wife he used drugs and medicines."

The contention of appellant, who claimed to have been an osteopath simply, treating diseases without the use of drugs or medicine, except by way of suggestion, was that he had not professed to be a physician or surgeon or offered for practice as such, and had not prescribed or given drugs or medicine, and therefore was not subject to the provisions of the act regulating the practice of medicine, as provided in sections 9 and 13 of that Act (Acts of 1901, p. 12). The facts upon which this contention was founded were disputed by appellee, and on the issue so formed the evidence was admitted. For an interesting discussion of the applicability, or rather inapplicability, of a similar statute, to purely osteopathic treatment, see the opinion of the Court of Appeals of Kentucky in the case of Nelson v. State Board of Health, 51 S. W. Rep., 501.

The evidence objected to in eighth, ninth and tenth assignments was irrelevant and should have been excluded.

In view of another trial it may not be amiss to suggest that the issue raised by the plea in reconvention comprehends more than was covered by the defense denying appellant's right to recover for the treatment of appellee's wife by reason of his failure to comply with the statute regulating the practice of medicine. In order to recover back money already paid for such treatment appellee would have to do more than prove that appellant was practicing medicine in violation of the law. Unless, in addition, appellee could show that he was deceived and imposed on, as alleged in his plea in reconvention, he would not be entitled to recover back money already paid, although appellant could not recover anything from him, since the general rule would apply that money voluntarily paid can not be recovered back. If, however, appellant in any way represented himself to be a practicing physician when he was not authorized to practice medicine and appellee was thereby induced to employ and pay him for professional services, he could recover back the money so paid. The judgment is reversed and the cause remanded.

*Reversed and remanded.*