JOHN GARRETT v. GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY.

Decided March 4, 1908.

**Venue—Plea of Privilege—Continuance, when No Waiver.**

A defendant duly filed a plea of privilege to be sued in a different county; on appearance day it called the court's attention to the same, and asked that the hearing on the same be postponed to a future day of the term, when the issues of fact might be determined; afterwards, without the knowledge of the defendant, the case was set for a particular day of the term; on the day for which the case was set the attorneys for defendant were engaged in the trial of another case in the same building, and at the instance of an attorney for the plaintiff, without the knowledge or consent of attorneys for defendant, the case was continued for the term. Held, because it appeared that defendant desired to press its plea of privilege, and was not responsible for or in any way agreed to the continuance, the plea was not waived thereby.

Appeal from the 45th Judicial District, Bexar County. Tried below before Hon. J. L. Camp.

*C. A. Davies,* for appellant.

*Baker, Botts, Parker & Garwood, Newton & Ward* and *W. B. Teagarden,* for appellee.

FLY, ASSOCIATE JUSTICE.—Appellant sued to recover damages arising from personal injuries alleged to have been sustained through the negligence of appellee. The court sustained a plea of privilege to be sued in Fort Bend County, where the injuries were inflicted and through which the railroad of appellee extends and where it has an agent, and in which appellant at the time resided.

The plea of privilege was properly sustained, unless it was waived by a failure to have action taken on it at the April term, 1907, of the District Court, at which it was filed. Gen. Laws, 1901, p. 31. The only contention of appellant is that the plea of privilege was waived by a failure to have it determined at the term of court at which it was filed.

It appears from the statement of facts that the case was an appearance case at the April term of the District Court, in 1907, which expired on June 2, 1907. On appearance day of the April term appellee filed its plea of privilege, called the court's attention to it and asked that it be postponed to another day of the term when the issues of fact might be submitted, as the condition of the docket was such that it could not be taken up at that time. Afterwards, without the knowledge of appellee, the cause was set down for hearing on May 27, but through a mistake the setting was published under the proper number but under the style of "Garrett v. Gulf Refining Co.," and was so posted by the clerk on the bulletin board in the courtroom. Appellee had no notice of the setting and was misled by the published notice and by the official bulletin of the clerk. When the cause was called for trial on May 27, the attorneys of appellee were engaged in the trial of another cause in the 57th District Court, which was being held in the same court house that the court, in which this cause was pending, was sitting, and the attorney for appellant stated that another case against appellee had been continued on account of its attorneys being engaged, and that he presumed that this case would, on the same account, go over also, and the cause was continued by the court. When the cause was called at the succeeding term the attorney for appellant stated in the presence of the court "that he had been watching for that opportunity to catch defendant's attorneys, and caught them, and that it was just the advantage he was seeking and got that continuance, so as to prevent a hearing of this plea." It was stated by counsel for appellee "that there was no intention on the part of the defendant to waive this plea, but its intention was to insist upon it on that occasion; if they had known that this case was on that setting they would have been present and would have presented it, but they were misled and did not know until it was too late." The case was not called again until it was reached in its regular order and appellee's attorneys were then present and asked for a trial on the plea, but it was postponed on account of other business. When it was reached the appellant's exceptions to the plea of privilege were overruled and the plea sustained.

The cause was postponed on appearance day, on account of press of business, to another day of the term, not named, in order that the facts might be presented. Appellee complied with the law in demanding a hearing and the matter was then in the hands of the court to be continued or postponed as the condition of the docket rendered necessary. Aldridge v. Webb, 92 Texas, 122; Watson v. Mirike, 25 Texas Civ. App., 527. Appellee had shown its desire to press its plea of privilege and it was not responsible for the continuance nor in any way agreed to it. That continuance was either procured by appellant or it was ordered by the court without the knowledge or consent of appellee at a time when its attorneys were engaged in another trial in the same building. The court had the authority, on its own motion, or at the instance of appellant, to continue the cause, but such continuance did not constitute a waiver of appellee's rights under its plea of privilege. Whatever may have been the intention and design of appellant in asking the court to continue the cause, on account of the enforced absence of counsel for appellee, the trial judge by his action in overruling

the exceptions to the plea of privilege showed that he had continued the cause without prejudice to the rights of appellee. His action in the premises will be sustained. The judgment is affirmed.

*Affirmed.*

Writ of error refused. .