LENGELET v. PIPER et al.

(Court of Civil Appeals of Texas. Dec. 17, 1910. Rehearing Denied Jan. 14, 1911.)

1. WITNESSES (§ 159*)—COMPETENCY—ACTIONS BY EXECUTOR—TRANSACTIONS WITH DECEDENT.

In an action by an executor on a note made by defendants to decedent in payment of bar fixtures purchased by two of defendants, testimony by defendants that certain of the property purchased was never received, and that no credit was given defendants for the value thereof, and that the notes were given after part of the property was delivered, was incompetent under Rev. St. 1895, art. 2302, because relating to a transaction with plaintiff's testator.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. §§ 664, 669, 672; Dec. Dig. § 159.*]

2. EVIDENCE (§ 474*)—OPINION EVIDENCE—VALUE—QUALIFICATIONS OF WITNESS.

It was error to permit a witness to testify as to the value of a set of ivory checks and a check rack sold as a part of bar fixtures, where he had never seen the checks or rack, and was not shown to be qualified to testify as to their value.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2215, 2218; Dec. Dig. § 474.*]

3. TRIAL (§ 333*)—VERDICT.

In an action on a note for $300, given for property purchased, defendants counterclaimed for the value of a part of the property purchased but not delivered, a verdict for defendants should fix the amount of the counterclaim, and it was error to render judgment against plaintiff for $100, where the jury merely found "for the defendants and the value of the checks and rack," the property claimed not to have been delivered, "at $400."

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 784, 786; Dec. Dig. § 333.*]

Appeal from Hill County Court; Horton B. Porter, Judge.

Action by Oscar Lengelet, executor, against A. J. Piper and others. From a judgment for defendants on their counterclaim, plaintiff appeals. Reversed and remanded.

Tarlton Morrow and Morrow & Smithdeal, for appellant. W. E. Spell and Luther Nickels, for appellees.

RAINEY, C. J. Appellant, as executor of the estate of J. W. Conway, deceased, brought this suit to recover on a promissory note for $300, executed and delivered to J. W. Conway by A. J. Piper, J. T. Piper and J. J. Clark, appellees herein.

Defendants pleaded a general demurrer, a general denial, and specially answered that said note was one of a series, amounting in the aggregate to the sum of $3,000, given for the purchase price of certain bar fixtures, which included a set of ivory checks and rack; that the notes were executed before the delivery of all of said property; that the set of ivory checks and rack were never delivered, for which said Conway promised to give defendants a credit on the notes, the value of same, which was worth the sum of $400; that "it was the understanding and

agreement between the defendants and the said Conway, now deceased, that he was to either deliver said checks and rack to said defendants Piper, or credit their notes with the value of the same, which was never done." It was further alleged that said notes had been paid off and discharged, except the one sued on. Defendant, J. J. Clark, pleaded that he signed said notes as surety, and had no connection with the purchase of said property. The defendants pray for judgment that said note sued on be credited with the value of said checks and rack and they recover the difference, if their value exceeded the amount of the note. A trial resulted in a judgment for $100 in favor of defendants with interest from January 4, 1901. Plaintiff appeals.

Defendants, A. J. and J. T. Piper, were each permitted, over plaintiff's objection, to testify that the consideration of the note was, in part payment for bar fixtures then at Hillsboro, Tex., describing the property, and "there was supposed to be a set of ivory checks and check rack, which were never received, and that no credit was ever given for the value of the checks and rack, and that the notes were given after the property was delivered; that is, the part that was delivered." J. J. Clark was asked, "State, if you know, what became of the bar fixtures and checks and check rack J. W. Conway had at Midland," which was answered, over objection by plaintiff, as follows: "The property was bought by A. J. and J. T. Piper, including the checks and check rack."

The foregoing states the substance of said witness' testimony objected to, and its admission forms the basis for appellant's assignment of error. All of said three parties signed the note and were parties to this suit. The testimony relates to the transaction had with J. W. Conway, deceased, in which the note was executed and therefore falls within the prohibition expressed by article 2302, Rev. St. 1895, which prohibits parties to actions by or against executors, etc., from testifying as to any transaction with testator wherein judgment may be rendered for or against them, unless called to testify by the opposite party, etc. The court erred in admitting the testimony as complained of. Pennybacker v. Hazlewood, 26 Tex. Civ. App. 183, 61 S. W. 153; Johnson v. Lockhart, 16 Tex. Civ. App. 32, 40 S. W. 640; Neitch v. Hillman, 29 Tex. Civ. App. 544, 69 S. W. 494.

The court erred in admitting the testimony of Lon Atkinson, as to the value of the checks and rack. He was asked if he was acquainted with their value, and replied, "Yes; I would consider them worth $400." He further testified that he never saw them, and he nowhere shows that he was qualified to testify as to the value of the same.

The court erred in rendering judgment

against the plaintiff for $100. The verdict of the jury was: "We, the jury, find for the defendants and the value of the checks and rack at $400.00."

The case was submitted to the jury, and if any judgment was to be rendered against plaintiff the amount thereof should have been ascertained by them.

For the errors indicated, the judgment is reversed and the cause remanded.