## OVERTON v. CHICAGO, R. I. & G. RY. CO. et al.

(Court of Civil Appeals of Texas. Amarillo. Oct. 11, 1913.)

CARRIERS (§ 180*)—FREIGHT—NOTICE OF DAMAGE—INTERSTATE SHIPMENT.

Under the Carmack Amendment (Act June 29, 1906, c. 3591, § 7, 34 Stat. 595 [U. S. Comp. St. Supp. 1911, p. 1307]), to the Hepburn Act (Act Feb. 4, 1887, c. 104, § 20, 24 Stat. 386 [U. S. Comp. St. 1901, p. 3170]), providing that any common carrier of interstate shipments shall be liable to the holder of the bill of lading for any damage caused by it or any carrier over whose lines the property passes and no contract shall exempt such carrier from such liability, notice of damage may be given to a connecting carrier, though the shipment contract required a written notice of damages to be given to the initial carrier within 90 days.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 815–828; Dec. Dig. § 180.*]

Appeal from Tarrant County Court; Charles T. Prewett, Judge.

Action by S. A. Overton against the Chicago, Rock Island & Gulf Railway Company and another. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Jas. C. Scott, of Ft. Worth, for appellant. N. H. Lassiter, Robt. Harrison, and R. M. Rowland, all of Ft. Worth, for appellees.

HALL, J. The appellant, S. A. Overton, was the plaintiff in the lower court and sued the appellees, the Chicago, Rock Island & Gulf Railway Company and the Chicago, Rock Island & Pacific Railway Company, in the county court of Tarrant county for damages alleged to have accrued on account of the negligence of the appellees in the shipment of a car of horses and mules from Wellington, Kan., to Ft. Worth, Tex. The trial court peremptorily instructed the jury to find in favor of the railway companies. The contract of shipment contained the following stipulation: "Sixth. That, as a condition precedent to the bringing of any suit for damages for any loss or injuries to the person or persons or property covered by this contract, the claimant shall give notice in writing of a claim for such damages to some general officer, claim agent, or station agent of the said first party, not later than 90 days after the date of the loss or injury claimed, and a failure to strictly comply with this provision shall be a bar to a recovery of any and all damages occasioned to the person or persons or property embraced in this contract."

The appellees insisted that, as no injury to the live stock was shown to have been caused by the Chicago Rock Island & Gulf Railway Company, and the notice of the claim for damages not having been presented to the initial carrier, the Chicago, Rock Island & Pacific Railway Company, a peremptory instruction in favor of the defendants was proper. The record discloses that a notice of claim for damages was presented to the Chicago, Rock Island & Gulf Railway Company as a claim "against the Chicago, Rock Island & Gulf Railway Company," and the same was thereafter amended, but the amendment did not mention the Chicago, Rock Island & Pacific Railway Company. Plaintiff's bill of exceptions shows that the peremptory instruction was based upon the facts above stated, and, from a judgment in favor of defendants, plaintiff brings the case to this court for review.

The facts of this case bring the controversy within the pale of the Carmack Amendment to the Hepburn Act (Act June 29, 1906, c. 3591, § 7, 34 Stat. 595 [U. S. Comp. St. Supp. 1911, p. 1307]). This court has heretofore held in C., R. I. & G. Ry. Co. v. Linger, 156 S. W. 298, that in such cases the stipulation requiring a notice in writing of the damages to be given to the initial carrier within 90 days is sufficiently complied with by giving notice to a connecting carrier, and the opinion there is adopted as announcing our views upon the same issue here. It has been frequently held under the Carmack Amendment that in interstate shipments each connecting carrier is an agent for the others, and of course notice to one is notice to all. A., T. & S. F. Ry. Co. v. Word, 159 S. W. 375; Pecos & Northern Texas Railway Company v. Meyer, 155 S. W. 309. What is here said disposes of all of appellant's assignments.

Because of the error of the court in peremptorily instructing the jury to find for the defendants, the judgment is reversed, and the cause remanded.