GULF, C. & S. F. RY. CO. v. DRAHN et al.

(Court of Civil Appeals of Texas. Ft. Worth. Dec. 20, 1913.)

1. NEGLIGENCE (§ 1*)—DEFINITION.

Negligence is the failure to exercise that care that would be exercised by a person of ordinary prudence under the same or similar circumstances.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 1; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 5, pp. 4743–4763; vol. 8, pp. 7729–7731.]

2. CARRIERS (§ 226*) — ACTION FOR INJURIES TO LIVE STOCK—PARTIES.

The real parties in interest are proper parties plaintiff, and may recover in their own right for loss or damage to a shipment of live stock, even though the contract of shipment was made in the name of another.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 226.*]

3. EVIDENCE (§ 471*) — OPINION EVIDENCE — USUAL TIME FOR TRANSPORTATION.

In an action for negligence in handling a shipment of live stock, plaintiff's testimony as to the usual time of transportation between the places in question, in the absence of objection as to his qualification to express such opinion, was admissible, not coming within the rule forbidding a witness to express an opinion on a mixed question of law and fact.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. § 471.*]

Appeal from Denton County Court; S. H. Hoskins, Judge.

Action by J. F. Drahn and others against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Hopkins & Milliken, of Denton, for appellant. J. A. Templeton, of Ft. Worth, for appellees.

SPEER, J. This is an ordinary cattle shipment case, in which J. F. Drahn and Edgar Kerr, plaintiffs, recovered against the Gulf, Colorado & Santa Fé Railway Company for the negligent handling of two cars of cattle, originating at Beaumont and High Island, respectively, and destined to North Ft. Worth. The defendant company appeals.

[1] The charge of the court is first criticised because of the definition of negligence given. It is as follows: "Negligence is the failure to exercise care that would be exercised by a person of ordinary prudence under the same or similar circumstances." We find no fault with this definition. Lacking perhaps the word "that" or "such" preceding the word "care," the charge is in the usual and approved form.

[2] The court properly permitted the appellee Drahn to testify that the cattle in question were the property of himself and Edgar Kerr even though they were not formal parties to the contract of shipment, since the rule is in such a case that the real parties in interest are proper parties plaintiff, and such owners are entitled to recover in their own right even though the contract of shipment is made in the name of another person. This being true, the court did not err in refusing to instruct a verdict for the defendant.

[3] Neither did the court err in permitting this witness to testify as to the usual and customary time which it took to transport stock by railway the distance these cattle were transported as against the objections that the same would be an opinion, and would involve a mixed question of law and of fact. True, the answer was an opinion, but that constitutes no legal objection to its admissibility, and no objection is made that the witness was not qualified to express an opinion upon the subject inquired about. What is the usual and customary time is not, as we understand it, a mixed question of law and fact, and in no manner involves a consideration of the question of negligence, and, therefore, not within the condemnation pronounced in the authorities forbidding a witness to express an opinion on a mixed question of law and fact.

There is no error in the judgment, and it is affirmed.