GALVESTON, H. & S. A. RY. CO. v. ITULE.
(No. 385.)

(Court of Civil Appeals of Texas. El Paso. Jan. 21, 1915. Rehearing Denied Feb. 11, 1915.)

1. CARRIERS (§ 180*) — LOSS OR INJURY TO GOODS—NOTICE OF CLAIM.

A notice in writing to the freight claim agent of a connecting carrier of a shipper's claim for damages was a sufficient compliance with a provision of the contract with the initial carrier requiring such notice.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 815–828; Dec. Dig. § 180.*]

2. CARRIERS (§ 185*) — LOSS OR INJURY TO GOODS—ACTIONS—EVIDENCE.

In an action by a shipper against an initial carrier for damages to a shipment, a letter written a connecting carrier's claim agent was properly admitted to show that notice of the claim required by the contract of shipment was given the claim agent.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 835–850; Dec. Dig. § 185.*]

3. TRIAL (§ 256*)—INSTRUCTIONS—NECESSITY OF REQUESTS.

If a more complete instruction on one phase of the case than that given by the court was desired by a party, it should have prepared and requested a special instruction covering such matter.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 628–641; Dec. Dig. § 256.*]

Appeal from El Paso County Court; A. S. J. Eylar, Judge.

Action by John Itule against the Galveston, Harrisburg & San Antonio Railway Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and Beall, Kemp & Nagle, of El Paso, for appellant. Brown & Terry, of El Paso, for appellee.

HIGGINS, J. Appellee brought this suit to recover damages to a car load of bananas shipped from El Paso to Nogales, Ariz., over the railway line of appellant and connecting line of the Southern Pacific Company, which damage is alleged to have resulted from negligent delay in transportation occurring upon the connecting line.

It is assigned as error that a peremptory instruction should have been given in defendant's favor because there was neither pleading nor proof that its negligence was the proximate cause of the injury to the shipment. The position taken is without merit.

[1] The notice in writing given to Brewer, freight claim agent of the Southern Pacific Company, the connecting line, of appellee's claim for damages was a sufficient compliance with the provision of the contract requiring such notice. Overton v. Railway Co., 160 S. W. 111; Railway Co. v. Linger, 156 S. W. 298; Railway Co. v. Word, 159 S. W. 375; Railway Co. v. Meyer, 155 S. W. 309.

[2] The letter to Brewer was properly admitted in evidence to show notice was given as required by the contract. It was sufficient and properly given to him for that purpose.

[3] The third paragraph of the court's charge is objected to because it failed to instruct that defendant's negligence must have been the proximate cause of the damage sustained in order to authorize a recovery. The third paragraph of the charge sufficiently covered the question of proximate cause. Railway Co. v. Anglin, 45 Tex. Civ. App. 41, 99 S. W. 897. And, if a more complete instruction in regard thereto was desired, appellant should have prepared and requested a special instruction covering that phase of the case.

The sixth assignment is without merit, and is overruled. The contention made is adversely disposed of in passing on the second and third assignments.

The last assignment questions the sufficiency of the evidence. Upon examination, the conclusion is reached that it is sufficient to support the verdict and judgment, and this court would not be warranted in setting aside the jury's finding.

Affirmed.