GULF, C. & S. F. RY. CO. v. BOGY.
(No. 8212.)

(Court of Civil Appeals of Texas. Ft. Worth. June 5, 1915. On Motion for Rehearing, June 26, 1915.)

1. EVIDENCE ⟨key⟩471 — OPINION — REASONABLE TIME FOR RAILWAY RUN.

In an action against a carrier for damages by delay to a shipment of cattle in transit, the admission of testimony of the plaintiff as to what, in his opinion, was a reasonable time for the run was erroneous, since what is a reasonable time to make a given railway trip is a mixed question of law and fact, for the jury, under proper instructions.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. ⟨key⟩471.]

2. APPEAL AND ERROR ⟨key⟩1054 — HARMLESS ERROR—ERRONEOUS ADMISSION OF EVIDENCE —TRIAL BY COURT.

Where the court, in an action against a carrier of live stock for damages caused by delay in transit, erroneously admitted plaintiff's opinion that the time was unreasonable, and where the record showed no basis, other than such testimony for a finding of unreasonable delay, the judgment being for the full amount prayed, the error was not harmless.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4185, 4186; Dec. Dig. ⟨key⟩ 1054.]

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

3. CARRIERS ☞219—CARRIAGE OF LIVE STOCK —NOTICE OF LOSS—CONNECTING CARRIERS.

Notice to one of four connecting carriers, within time provided by contract, of loss caused a shipper of live stock by delay in transit, was notice to all of the carriers.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 950, 951; Dec. Dig. ☞219.]

On Motion for Rehearing.

4. EVIDENCE ☞471—OPINIONS—USUAL TIME OF RAILWAY RUN—"REASONABLE TIME."

In an action against a carrier of live stock for damages caused by delay in transit, evidence of a duly qualified witness as to what was the usual or customary time required to make the railway run is admissible, such testimony not being matter of opinion infringing the province of the jury, as is testimony as to the reasonable time for the run, since "usual time" is a matter of fact, while "reasonable time," the time necessary under the circumstances to do conveniently what the contract or duty requires should be done in a particular case, a question of law depending on the subject-matter and situation of the parties, is a mixed question of law and fact evidence as to which is an expression of the opinion of the witness on a matter properly for the jury (citing Words and Phrases, Reasonable Time).

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2149–2185; Dec. Dig. ☞471.]

5. APPEAL AND ERROR ☞1054—REVERSAL— CONSIDERATION OF ERRONEOUS TESTIMONY.

Where it affirmatively appeared by bill of exception that evidence erroneously admitted was considered by the court, although the case had been tried without a jury, the admission was ground for reversal, since even where there is other evidence in the record to sustain the finding of the court upon any particular issue, if it affirmatively appears from the court's findings of fact or the bills of exception that objectionable testimony was considered, the case will be reversed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4185, 4186; Dec. Dig. ☞ 1054.]

6. CARRIERS ☞228—CARRIAGE OF LIVE STOCK —DELAY IN TRANSIT—SUFFICIENCY OF EVIDENCE.

In an action against a carrier of live stock for delay to a shipment in transit, evidence held insufficient to show any unreasonable delay.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 957–960; Dec. Dig. ☞228.]

Appeal from Wise County Court; E. M. Allison, Judge.

Action by I. F. Bogy against the Gulf, Colorado & Santa Fé Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

McMurray & Gettys, of Decatur, and Terry, Cavin & Mills, of Galveston, for appellant. H. E. Lobdell, of Bridgeport, and Spencer & Shults, of Decatur, for appellee.

BUCK, J. [1, 2] We think that the court erred in admitting, over defendant's objection, the following question propounded by plaintiff's counsel to plaintiff, and the answer thereto: "What, in your opinion, is a reasonable time to run from Jasper to Bridgeport?" to which plaintiff answered, "Thirty hours." What constitutes a reasonable time to make a given trip is a mixed question of law and fact, and one of the questions which the jury, under proper instructions from the court, were to decide in this case, and it is not for a witness to invade the province of the jury in passing thereupon. Appellee urges that, even though it be conceded that it was error to permit this question to be asked and answered, yet, the trial being before the court, it was harmless, and that there was sufficient evidence before the court, independent of this testimony, to sustain the judgment. The plaintiff alleged rough handling and unreasonable delays in the shipment of 36 head of grown cattle and 7 calves from Jasper to Bridgeport, by reason of which 4 of the cows died and all of the cows were injured and depreciated in value. The court gave plaintiff a judgment for the full amount asked for, and all the evidence would sustain, to wit, $380. Plaintiff testified that the market value at Bridgeport of the cows, if transported with ordinary care and in due time, was $35 each, or $140 for the four which died; that the other 32 head were depreciated to the amount of $7.50 each, or $240, making the full amount prayed for. Our attention has not been directed to, nor do we find, any other evidence tending to show what was the usual and customary time to make this run of 333 miles. Therefore we must conclude, both from the action of the court in overruling the timely and well-taken objection to the evidence, and the absence in the record of any other basis for a finding, that there were unreasonable delays en route; that very probably the court gave full weight to this improperly admitted testimony. Hence the assignment must be sustained. Wagoner v. Ruply, 69 Tex. 700, 7 S. W. 80; Moore v. Kennedy, 81 Tex. 144, 16 S. W. 740.

[3] In view of another trial, we think that the trial court did not err in holding that the notice to one of the four defendant railway companies, within the time provided in the shipping contract, of the loss sustained, was notice to all of the connecting carriers. The notice to the Chicago & Rock Island Railway Company was notice to each of appellants, Gulf, Colorado & Santa Fé Railway Company and Texas & Pacific Railway Company. Article 31, Vernon's Sayles' Tex. Civil Statutes; Railway Co. v. Itule, 172 S. W. 1123; T. & P. Ry. Co. v. Townsend, 49 Tex. Civ. App. 438, 108 S. W. 760. We think that plaintiff's petition was good as against the special exception urged, to the overruling of which the first assignment is directed. In the third assignment error is urged to the admission, over objection, of the following question to plaintiff and answer: "What, in your opinion, was the difference in the value of the 32 head that lived in the condition they did arrive and in the condition they would have arrived if they had had a reasonable run without any delay or rough handling?"

—to which the witness answered, "$7.50 per head."

While, as limited by the propositions under this assignment, we are inclined to think that no reversible error is shown, we suggest that upon another trial the question should be differently framed, as in the present form it seems to be subject to the objection raised in the first assignment discussed.

Since in the court below, judgment was rendered for defendants Chicago, Rock Island & Gulf Railway Company, and Texas & Pacific Railway Company, 'and against the defendants Gulf, Colorado & Santa Fé Railway Company, the Texas & Gulf Railway Company, and the last two companies alone appealed, and no complaint is made as to the judgment in favor of the two first-named companies, the judgment as to such will remain undisturbed, but be reversed as to the appellants, and the cause remanded, and it is so ordered.

Reversed and remanded.

### On Motion for Rehearing.

Appellee, in urging his motion for rehearing, cites Railway v. Drahn, 163 S. W. 330, Railway v. Gray, 145 S. W. 729, and Railway v. Gunter, 44 Tex. Civ. App. 480, 99 S. W. 152, in support of his contention that this court erred in sustaining the assignment to the admission, over objection, of the following question propounded to plaintiff and his answer thereto:

"Q. What, in your opinion, is a reasonable time to run from Jasper to Bridgeport? A. Thirty hours."

[4] In the cases cited the question as to what would constitute "a reasonable time" for the run was not asked. In the Drahn Case, opinion by Justice Speer of this court, the witness testified "as to the usual and customary time," which character of testimony is admissible where the witness shows himself qualified. In Railway v. Davidson, 127 S. W. 895, opinion by Chief Justice Conner, the witness testified as to the time "usually made" between the given points. In Railway v. Meyer, 155 S. W. 309, cited by appellee, the witness testified to the time required for "a good, ordinary run." There is a marked difference in the import of the question as to what would constitute "a reasonable time" for a good run and the time "usually" or "ordinarily," or "customarily," taken. The first is an expression of opinion and conclusion of the witness upon a mixed question of law and fact and upon a question of fact to be found by the jury; the second a statement of fact. "Reasonable time" is defined to be:

"So much time as is necessary, under the circumstances, to do conveniently what the contract or duty requires should be done in a particular case. * * * In determining what is a reasonable time or an unreasonable time, regard is to be had to the * * * facts of the particular case. * * * A reasonable time, when no time is specified, is a question of law, and depends on the subject-matter and the situation of the parties." Words and Phrases (citing Colfax County v. Butler County, 83 Neb. 803, 120 N. W. 444).

The distinction between "reasonable time" and "usual or customary time" as used in this connection, we do not think, as appellee urges, is "technical and shadowy," but is a distinction substantial, and well established by the authorities.

[5] But appellee urges that, inasmuch as this cause was tried before the court, it will not be presumed that the court considered the evidence complained of, or that appellant suffered any injury by its improper admission. Defendant's bill of exception No. 1, directed to the admission of this testimony, duly approved by the court, states that:

"Said answer was thereupon considered by the court as part of the evidence authorizing and supporting the judgment rendered."

Thus, it affirmatively appears that the court did consider this testimony. Even where there is other evidence in the record to sustain the finding of the court upon any particular issue, if it affirmatively appears from the record, i. e., from the court's findings of fact or the bills of exception, that the court did consider the objectionable testimony, the case will be reversed. Neitch v. Hillman, 29 Tex. Civ. App. 544, 69 S. W. 494; Gaither v. Lindsey, 37 Tex. Civ. App. 149, 83 S. W. 225; Railway v. Brashears, 91 S. W. 594.

[6] In answer to the statement in our original opinion that "our attention has not been directed to, nor do we find, any other evidence tending to show what was the usual and customary time to make this run of 333 miles," appellee refers us to and quotes from the testimony of plaintiff as to "a tie-up" overnight at San Augustine of the train containing his cattle, and his testimony that "the stop at San Augustine was what injured them." There is nothing in the record to show that the stop overnight at San Augustine was not necessary, or was not usual and customary, or in the course of the regular schedule for the movement of the train in question. While it might be urged that the burden of proof was on the defendant to explain the cause of such delay, the complaint made by appellee to the conductor at the time was not because of the delay, but because the conductor would not permit the cattle to be unloaded, watered, and fed.

But even though it be conceded that this other testimony is proof that an unreasonable time was taken in transporting the cattle, which we question, yet since it affirmatively appears, as before stated, that the court did consider the inadmissible testimony, we do not feel justified in concluding that our former judgment was erroneous.

Motion for rehearing overruled.