OZBOLT et al. v. LUMBERMEN'S INDEMNITY EXCHANGE. (No. 5863.)*

(Court of Civil Appeals of Texas. Austin. July 1, 1918.)

1. APPEAL AND ERROR ⟷106—MATTERS APPEALABLE—CONTINUANCE.

No appeal lies from an order granting a continuance.

2. STIPULATIONS ⟷14(3)—AGREEMENT AS TO PLEA OF PRIVILEGE—CONSTRUCTION.

An agreement between counsel that defendant would file an answer in a few days after default day, containing a general demurrer and a general denial, did not preclude it on the same day, and before filing such answer, to file a plea of privilege.

3. PLEADING ⟷110 — PLEA OF PRIVILEGE — ABANDONMENT.

A motion by defendant for a continuance does not constitute an abandonment of a plea of privilege, where the motion shows that defendant was insisting thereon, and the judgment of the court continuing the hearing on the plea shows that it was continued without prejudice.

4. VENUE ⟷15—EMPLOYERS' LIABILITY ACT —SUITS AGAINST INSURER.

That before suit can be brought the matter in controversy must be submitted to some board or referee, or must have some order or certificate or other matter of some department of state, does not give that place venue of a suit afterwards brought; hence in a suit under the Employers' Liability Act, the fact that plaintiff was obliged, under the act, to submit the claim to the accident board in a given county did not give such county venue of a suit on the liability.

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Action by Veronika Ozbolt and others against the Lumbermen's Indemnity Exchange. From an order changing the venue, plaintiffs appeal. Affirmed.

See, also, 204 S. W. 252.

Fiset, McClendon & Shelley, of Austin, for appellants. E. C. Gaines, of Austin, for appellee.

JENKINS, J. This case was filed in the district court of Travis county, to the May term of said court, which convened May 2d and continued until the latter part of July, 1916. It was alleged that the defendant was an insurance association, with its principal place of business in Jefferson county, Tex., but, as showing venue in Travis county, it was alleged that "said association has members or subscribers in other counties of Texas, including Travis county." On May 6, 1916, the defendant, appellee herein, in due order of pleading, filed a plea of privilege, in proper form to be sued in Jefferson county, Tex. There was a verbal agreement between counsel that this plea should be taken up and disposed of at some time toward the latter part of said term. Counsel for appellants endeavored to get an agreement with counsel for appellee to dispose of this plea early in July, but failed to do so. The plea was called up and disposed of for the term on July 12th, at which time the court, upon motion of appellee, continued said plea to the next term of the court, without prejudice to appellee.

[1] The motion of appellee to continue the hearing on the plea did not show diligence, and should not have been granted. But it was granted, and though the action of the court thereon was excepted to, as shown by a proper bill of exceptions, no appeal was taken from such action, for the sufficient reason that no appeal lies from an order of a court granting a continuance. It is shown

by the record there was sufficient time remaining for the court to have heard and disposed of said plea on its merits. At the next term of the court the plea of privilege was heard on its merits, and the venue was changed to Jefferson county, Tex.

Appellants assign error upon three grounds as follows:

"First, that the defendant waived its plea of privilege to be sued in another county, by failing to file same on or before appearance day to the May term, 1916, of said court, and in the agreement with plaintiffs' counsel that a general demurrer and general denial would be filed; second, that the plea was waived and abandoned by failure to have same heard and determined at the May term, 1916, of said court, there being no legal ground or excuse for not having same so heard and determined, and the court being without discretion under the circumstances to continue same without prejudice; third, because the action arose, in part at least, in Travis county, Tex., it being under the Employers' Liability Act (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h to 5246o), which required as a prerequisite to a right of action the doing of certain things in Travis county, Tex., where said Industrial Accident Board sits."

[2] We think that the facts of record disclose that there is no merit in the first contention. The verbal agreement was that appellee would file an answer in a few days after default day, containing a general demurrer and general denial. This it did, but on the same day, and before filing such answer, it also filed its plea of privilege. The agreement cannot be construed as an agreement not to file such plea.

[3] Although the court should not have granted a continuance on the plea of privilege, we do not think the motion of appellee for such continuance can be treated as an abandonment of such plea. On the contrary, the motion shows that appellee was insisting on same, and the judgment of the court, continuing the hearing on such plea, shows that the same was not abandoned, but was continued without prejudice to appellee. Garrett v. Railway Co., 49 Tex. Civ. App. 438, 108 S. W. 760; Aldridge v. Webb, 92 Tex. 122, 46 S. W. 224; Waldrep v. Roquemone, 60 Tex. Civ. App. 138, 127 S. W. 248.

The issue of venue in Travis county arises as follows: Appellants' decedent was working for a stave company in Hardin county, Tex., and received injuries from which he died. The stave company was a subscriber of appellee, and under the Employers' Liability Act the appellee was liable for the death of appellants' decedent. In order to establish such liability, appellants were required, under said act, to submit their claim to the accident board at Austin, in Travis county. This they did, and said board determined the amount of appellee's liability. Such amount not having been paid, this suit was brought, as provided by said act, to obtain judgment against appellee for same.

[4] Appellee submits the following counter proposition, which we believe to be sound:

"The mere fact that before suit can be brought on a cause of action the matter must be submitted to some board or referee or must have some order certificate or other matter of some department of state does not give that place venue of a suit afterwards brought."

Finding no error of record, the judgment of the trial court is affirmed.

Affirmed.

