## C. I. T. CORPORATION v. McLEOD.

### No. 3078.

Court of Civil Appeals of Texas. Beaumont.

March 4, 1937.

Morris & Bennett, of Beaumont, for appellants.

Xavier Christ, of Port Arthur, and David L. Broadus and David E. O'Fiel, both of Beaumont, for appellee.

WALKER, Chief Justice.

This suit was filed in county court of Jefferson county at law on December 31, 1935, by C. I. T. Corporation against E. N. McLeod, upon a promissory note in the principal sum of $387.54, and to secure a chattel mortgage on a 1934 Model Chevrolet coupè; pending the litigation the plaintiff seized this car by writ of sequestration. On the 18th day of February, 1936, the defendant answered by general demurrer, general denial, by special plea of non est factum denying the execution of the note sued upon, and of the chattel mortgage; and, having impleaded O'Quinn Motor Company, a corporation, alleged that this company had converted an automobile owned by him, had falsely represented that he had executed the note and mortgage sued upon, etc. His prayer was for cancellation of the note and chattel mortgage; for his damages against O'Quinn Motor Company for converting his car in the sum of $400, for consequential damages, and for general relief.

On the verdict of the jury the note and mortgage sued upon were canceled and judgment was rendered against O'Quinn Motor Company in favor of defendant, E. N. McLeod, for $220.

C. I. T. Corporation and O'Quinn Motor Company have prosecuted their appeal to this court from the judgment of the lower court upon one assignment of error, complaining of the exclusion of certain testimony. The facts of this assignment are as follows: The note and chattel mortgage were offered in evidence by C. I. T. Corporation and O'Quinn Motor Company. At least three witnesses swore that E. N. McLeod, in their presence, executed these instruments by signing his name thereto. E. N. McLeod denied their execution and offered at least three witnesses who testified they were executed by his wife. She testified that she executed them without the knowledge or consent of her husband; without knowing what they were, on the fraudulent representation of an agent of O'Quinn Motor Company that she was signing papers as a basis for a credit investigation of her husband. E. N. McLeod also testified that his wife had no authority from him to execute these instruments, which issue was also pleaded by him. There was offered in evidence certain signatures admitted to be the signatures of E. N. McLeod and certain other signatures admitted to be the signatures of Mrs. E. N. McLeod. On this statement C. I. T. Corporation and O'Quinn Motor Company offered as a witness Mr. L. R. Blakeman, Jr., a handwriting expert, and after he had examined the signatures before him proposed to prove by Mr. Blakeman that on a comparison of the signatures in evidence the signatures on the note and mortgage were the signatures of E. N. McLeod; and, had the court received the testimony, this witness would have so testified. The proffered testimony was excluded by the court on the ground that "it would invade the province of the jury, even though he gives the testimony as an expert. I don't think an expert's testimony would be admissible, that is, the opinion of an expert." This ruling by the court was error. The proffered testimony was admissible under the provisions of article 3737b, Vernon's Ann.Civ.St., reading as follows: "In the trial of any civil case, it shall be competent to give evidence of handwriting by comparison, made by experts or by the jury.

The standard of comparison offered in evidence must.be proved to the satisfaction of the judge to be genuine before allowing same to be compared with the handwriting in dispute." See, also, Burton v. Lowry (Tex. Civ.App.) 77 S.W.(2d) 1059; 19 Tex.Jur. 48, 78; Wagoner v. Ruply, 69 Tex. 700, 7 S.W. 80; Dolan v. Meehan (Tex.Civ.App.) 80 S.W. 99.

This opinion is based upon the statements made by appellants in their brief; appellee has filed no brief.

The judgment of the lower court is reversed and the cause remanded for a new trial.

O'QUINN, J., not sitting.